Reynolds *v.* Chandler River Company.

---

STEPHEN REYNOLDS *versus* CHANDLER RIVER COMPANY.

Trespass is the proper form of action to recover damages arising from the building of a dam, whereby the plaintiff's hay was injured.

When damage is caused by the flow of water from a dam, the owners thereof are liable to the full amount of the injury, where there is no negligence on the part of the plaintiff, notwithstanding the injury might have been prevented by an expenditure less than the amount of the damage.

ON REPORT by APPLETON, J.

This was an action of trespass for building a dam across Chandler's river, whereby the plaintiff's hay, which he had left, as was customary, upon his meadow lands, was destroyed by the rise of water in the river.

The defendants moved a nonsuit, on the ground that the form of action was misconceived, and that it should have been case, if any action for this injury is maintainable.

The motion was overruled.

The dam was erected in the summer of 1852, by virtue of an act of the Legislature. There was evidence tending to show that the dam caused the flow of back water, and that the loss complained of was caused by such back water.

The judge instructed the jury if they found the dam the cause of the loss or injury of the plaintiff's hay, to render a verdict for the value of the hay so destroyed in consequence of the defendants' dam. The jury found the damage to the hay $172,21.

The jury further found that by the expenditure of $60 over and above what was usual or necessary before the dam was erected the plaintiff might have preserved his hay.

If the nonsuit was improperly refused, or the instructions given are erroneous, the verdict is to be set aside. Otherwise judgment is to be rendered for the damage to the hay, or the lesser sum found by the jury, as the legal rights of the parties may require.

*George F. Talbot,* counsel for the plaintiff.

The declaration is as well in *trespass* as trespass on the case. The statute has abolished the distinction. The variance is in the form of declaring only, and nowise affects the substance or controls the proof.

Judge TENNEY says, " It is obvious that the design of the legislature was to abolish the distinction between the two classes of cases in the form only of declaring in the writ, so that proof which should make out a case of one class should not fail of effect on account of the writ being appropriate to the other class. Sawyer v. Goodwin, 34 Maine R., 420. In that case the proof did not amount to trespass *quare clausum,* and therefore to change trespass simple to trespass on the case, or *vice versa,* in no wise affects the pleadings, the jurisdiction, or the name of the action.

2. The instruction to the jury was correct; if the dam was not the sole cause of the injury to plaintiff's hay, then it was not the cause, because it alone would not have produced the injury, and therefore the plain meaning of the question submitted to the jury was, in fact, was the dam the *sole cause?* Besides, the fact that there were other causes would not exonerate the defendant unless the plaintiff's acts or negligence produced those causes.

The report of the case is very brief and does not disclose the extent to which the investigation of the facts were pursued. The defendants ask a new trial for the purpose of putting in the same defence they have already unsuccessfully used, and trying the same issues over again which the jury have determined against them. Under the law as given to the jury in the trial, the defendants had the benefit of every possible conjecture or fact of other causes than the erection of the dam and its maintenance having caused the injury to the plaintiff's hay. This was the whole issue tried. The question submitted to the jury with reference to the amount the plaintiff might have expended to prevent the injury shows that the consideration of other and co-operating causes were before the jury. In the case of Inhabitants of China v. Southwick, referred to by the counsel for defendant, the jury found the main fact that " the head of water caused by the defendant's dam was *not* high enough to flow the plaintiffs' bridge or do damage thereto." In this case they have found precisely the reverse—that the head of water caused by defendant's dam *was* high enough to destroy plaintiff's hay. The principle of that case requires this verdict to be sustained.

The case of 35 Maine R., 422, is where it was the province of the court, upon a statement of acts done, to infer, or not to infer, responsibility. In this case that inference was left to and has been positively drawn by the jury.

3. The plaintiff's damages are the amount of the regular verdict, *i. e.*, the value of the hay destroyed by the act of the

Reynolds v. Chandler River Company.

defendant. For if the damages might have been lessened by acts of the plaintiff, such acts were or were not required by ordinary care and prudence. If they were not required by ordinary care and prudence plaintiff should not suffer loss by omitting them. If they were required by ordinary care and prudence, plaintiff was careless in omitting them, and as his carelessness contributed to the injury, defendants are not liable at all. If the plaintiff was entitled to recover he was entitled to recover the amount of his loss. It would hardly be claimed in case of a man who had proved the loss of his horse by a defect in a bridge, that the town sued for the damage might have the sum that it would cost the plaintiff to have gone round by another road and crossed a ferry, estimated as the real measure of his compensation. In this case the court will hardly undertake to determine the plaintiff's rights, by assigning him the jury's estimate of what it would have cost him over and above what was usual or necessary before the dam was erected, to expend to preserve his hay. The dam was several miles from the plaintiff's meadow; he could not know that any such expenditures would become necessary the first year certainly, and it was proved that he took what he deemed necessary and proper precautions to save his hay the subsequent years, by building his staddles higher than he had built them the year before. The question submitted to the jury was a purely hypothetical one, and defendants can have no advantage from it, unless the case had shown that plaintiff had it in his knowledge and in his power to do the acts that he possibly otherwise might have done to diminish his loss. It is to be presumed that he did what it was his interest to do to save his property, using his best discretion, and not that he aggravated his own loss, with the design of getting indemnity by a suit.

*George Walker*, counsel for the defendant.

The damages in this case were consequential from the re-

lation of the dam; in such cases trespass on the case, and not trespass, is the proper form of action. Sawyer v. Goodwin, 34 Maine R., 419.

The instructions to the jury were too broad. The dam might have been the cause of injury to the plaintiff's hay, but not the sole cause; it might have been the cause with other causes, which would have excused the defendants. The instructions excluded the jury from any inquiry for other causes.

The dam might have been instrumental in injuring the plaintiff's hay, or if the dam had not been there, the hay would not have been injured; in either of which cases the dam would have been the cause of the injury. Yet it by no means follows that the defendants would be liable.

The plaintiff might not have exercised due care in securing his hay; in that case the defendants would not be liable. Waldron v. Portland, Saco and Portsmouth Railroad Company, 35 Maine R., 422.

Or to the head raised by the dam, natural causes superadded might have occasioned the injury, such as violent winds, that should drive the water on to the meadow, or extraordinary floods, in which case defendants would not be liable. China v. Southwick et. al., 12 Maine R., 238.

If plaintiff is entitled to any damages, it is only such sum as it would have been necessary to expend to get his property to a place of safety. Miller v. Mariner's Church, 7 Greenl., 51.

GOODENOW, J.  This is an action of *trespass* to recover damages arising from the building of a dam across Chandler's river, whereby the plaintiff's hay, which he had left as was customary upon his meadow land, was destroyed by the rise of the water in the river.

The defendants moved a nonsuit on the ground that the form of action was misconceived.

We are of opinion that this motion was properly overruled. At common law, the proper remedy for such an al-

leged injury would have been, by an *action on the case.* The Revised Statutes provide that in all actions of trespass, and trespass on the case, the declaration shall be deemed equally good and valid, to all intents and purposes, whether the same shall be in form a declaration in trespass, or trespass on the case. The case of Sawyer v. Goodwin, 34 Maine R., 420, referred to by the defendants' counsel, was an action of *trespass quare clausum*, and does not sustain the position taken by him in this case.

The presiding judge instructed the jury that "if they found the dam the cause of the loss or injury of the plaintiff's hay, to render a verdict for the value of the plaintiff's hay so destroyed in consequence of the defendants' dam." The jury found the damage to the hay $172,21. This case comes before us on a report, and not by exceptions. We are therefore to presume that the plaintiff exercised ordinary care in securing his hay, and that the instructions of the presiding judge were unexceptionable upon this point. "The jury further found that by the expenditure of $60, over and above what was usual and necessary before the dam was erected, the plaintiff might have preserved his hay." We do not regard this as equivalent to finding negligence, or a want of ordinary care and prudence on the part of the plaintiff. He might not know or have good reason to expect that any such expenditure would become necessary, by building the staddles on which his hay rested, higher than he had built them before the dam was erected. If the defendants entertained such an opinion, they should have given him notice, and have offered to defray the expense of such additional structures. They knew better than the plaintiff, as to the height and tightness of their dam, and how and when they should use it, and what sluices they would have by which to let off the water.

Judgment on the verdict for $172,21 damages, and interest on the same.