HUBBARD *vs.* THE NEW YORK AND HARLEM RAIL ROAD COMPANY.

A bond, issued by a rail road company, acknowledged the receipt of $1000 from ......, and in consideration thereof the company promised and agreed to pay to ......, or assigns, the sum of $1000, ten years after date, &c. In an action upon the bond, the complaint averred that the corporation received the money from some person unknown to the plaintiff, and delivered the bond to such person for the purpose and with the intent that the same should be assignable and transferable by delivery from hand to hand; that before its maturity it came lawfully into the possession of the plaintiff, for value, and that he was the owner and holder. *Held,* on demurrer, that the complaint was sufficient, and that the action would lie, any lawful holder by delivery or transfer being authorized to fill his own name into the blank, as the payee.

*Held, also,* that bonds in that form were not void as being in violation of the act to restrain unauthorized banking; inasmuch as they were payable ten years after date, instead of on demand, and therefore could not circulate as money.

APPEAL from a judgment at the circuit, rendered for the plaintiff on account of the frivolousness of the demurrer to the complaint.

*C. W. Sandford,* for the appellants.

*N. A. Cowdrey,* for the respondent.

*By the Court,* LEONARD, J.   The action is upon two of the Dover extension bonds of the rail road company, dated in 1849, payable August 1, 1859, for $1000 each.   These

bonds acknowledge the receipt of $1000 from _____, and in consideration thereof, the rail road company promise and agree to pay to _____ or assigns the sum of, &c. The name of the person from whom the money was received, and of the payee, are left in blank.

The complaint avers that the corporation received the money from some person unknown to the plaintiff, and delivered the bond to such person for the purpose and with the intent that the same should be assignable and transferable by delivery from hand to hand, without other writing; that before its maturity it came lawfully into the possession of the plaintiff for value, and that he is the owner and holder. The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. On motion, at special term, judgment was rendered for the plaintiff, on account of the frivolousness of the demurrer, and the defendants have appealed from the judgment.

The defendants insist that the alleged intent is inconsistent with the instrument itself, and cannot be the subject of proof. There are numerous authorities holding that the bond of a corporation payable to an individual or *bearer* is a negotiable instrument. The word bearer, in such case, includes the holder, whoever he may be. I am not aware, however, of any decision that an obligation payable, as these are, to an individual or his assigns, has been holden to be negotiable by mere delivery.

The averments of the complaint, however, take the case out of any difficulty on that subject. These bonds were left in blank, as to the payee, intentionally, so that they might be transferred by delivery. The intent is admitted by the demurrer. The plaintiff, or any other lawful holder by delivery or transfer, may now fill his own name into the blank as the payee. (*Mitchell* v. *Culver*, 7 *Cowen*, 336. *Boyd* v. *Brotherson*, 10 *Wend.* 93. *Ex parte Kerwin*, 8 *Cowen*, 118. *Clute* v. *Small*, 17 *Wend.* 238, 243.) The intent alleged

---

appears to be in harmony with the instrument. It in no manner contradicts its tenor or effect.

The defendants also insist that if the averment of intent be true, then the instrument is in violation of the act to restrain unauthorized banking, and therefore void. This is an ungracious objection, after the acknowledgment of the receipt of the money contained in the bonds. It is, however, without any foundation. They are payable ten years after date, and cannot be circulated as money. Obligations which circulate as money are payable on demand.

The objections to the complaint are untenable. I have given more attention to the decision of this appeal than the questions involved warrant, because the counsel for the defense was absent when the cause was reached on the calendar, and it was submitted on his points without oral argument.

Judgment is affirmed, with costs.