ALBANY,<br>Jan. 1833.<br>Boyd<br>v.<br>Brotherson.

Judgment for defendant on demurrer.

---

## P. & J. I. BOYD *vs.* BROTHERSON.

Where a note is intended to be made for *eight hundred dollars,* and is endorsed by the payee for the accommodation of the maker and delivered to him, and by mistake the words *hundred dollars* are omitted, so that it purports to be a note for *eight*       , the maker, without the assent of the endorser, may insert the words *hundred dollars ;* and in an action by the holder to secure a debt to whom, the note was made, the endorser cannot object to the insertion of such words.

In such a case, the question as to the *sum intended to be inserted* is properly submitted to a jury.

The maker of the note is a competent witness to prove such intention.

THIS was an action against the defendant as the *endorser* of a promissory note for $800, made by W. A. M'Clelland and transferred by him to the plaintiffs. Previous to the transfer, the note was shewn by M'Clelland to an attorney : it then read thus : " Six months after date, I promise to pay to the order of Philip Brotherson eight        for value received, at the Mohawk Bank—Schenectady, May 1, 1829— and had the signature of M'Clelland as maker and of the defendant as endorser. M'Clelland asked the attorney whether there would be any harm in inserting the words " hundred

dollars," without obtaining the endorser's assent; to which the attorney answered that he thought there could be no harm in inserting such words, if it was the intention of the maker and endorser at the time of the making of the note that the note should be so drawn. The word *hundred* appeared to be inserted in the blank left after the word *eight*, and the word *dollars* was interlined. M'Clelland, the payee of the note, being called as a witness by the plaintiffs, was objected to by the defendant as incompetent, but the objection was overruled. He testified that the defendant's endorsement was procured to secure a debt owing by him, the witness, to *Boyd & Phelps,* a mercantile firm in New-York; that he informed the defendant of the object of the endorsement, and that the amount of his indebtedness to Boyd & Phelps was about $800; that the words *hundred dollars* were omitted in the note by mistake; that he inserted them after being advised that there would be no harm in doing so; and that he delivered the note to the attorney of Boyd & Phelps, who was employed by the plaintiffs, the agents of Boyd & Phelps, to collect the monies due to them from M'Clelland. There was some evidence invalidating the testimony of M'Clelland. The presiding judge submitted to the jury to decide whether it was the intention of the drawer and endorser, at the time of the making of the note, that the note should be for $800, or, in other words, whether the endorser authorized the maker to insert the words *hundred dollars,* or any other sum which should turn out to be the amount of the debt due to Boyd & Phelps. The judge further charged the jury, that where a note, with a blank for the date, sum or time of payment, is endorsed and committed by the endorser to the maker, the endorser, by so doing, authorizes the maker to fill it up with what date, sum or time of payment he pleases; that where the maker is in possession of a note endorsed by the payee, and transfers it either in payment of a precedent debt or for a new consideration paid at the time of the transfer, the endorser is precluded from all defence against the holder, who acquires title thereto *bona fide* and without notice, unless the note be void in its creation by reason either of forgery or usu-

ry.  The jury found for the plaintiff and the defendant asks for a new trial.

*L. H. Palmer,* for the defendant.

*A. C. Paige,* for the plaintiff.

*By the Court,* SAVAGE, Ch. J.  Had the note in this case been appropriated by the maker to the payment of any other precedent debt than the identical debt to secure the payment of which it was made, the latter part of the charge of the judge at the circuit would have been incorrect, according to the decision of this court in *Rosa* v. *Brotherson, ante,* 85 ; but as the note in question was appropriated according to the original intention, the charge of the judge in this respect does not affect the case.  The question whether it was the intention of the parties to the note to have the words *hundred dollars* inserted therein after the word *eight* was fairly and properly submitted to the jury, who have by their verdict said that such was the intention.  This settles the question of the defendant's liability, unless the verdict is based upon improper testimony.  M'Clelland was a competent witness ; his interest is neutralized.  If the plaintiffs succeed, he is liable to the defendant for so much money paid for his, the witness' use ; if the plaintiffs fail, then the witness remains liable to Boyd & Phelps on his original indebtedness.  His interest being balanced, all other objections go to his credibility.

New trial denied.