## EDWIN HERVEY & al. vs. GEORGE W. HARVEY.

The alteration by the holder of the date of an accepted bill, shortening the time of payment, without the knowledge of the acceptor, destroys the bill; and no action can be maintained upon it.

The holder of a bill has no right to make an alteration in it to correct a mistake, unless to make the instrument conform to what *all parties to it* agreed or intended it should have been.

If the vendor of goods sold draw a bill for the amount on the vendee, and by mistake extend the time of payment therein beyond the time agreed by the parties, and the vendee fraudulently seize upon the mistake, and accept the bill, to entrap the other party for his own advantage and to the other's injury; the vendor may treat the bill as void, and maintain an action for the goods sold.

Where the daybook upon which an entry of the sale of goods was made, is produced on a trial, and it does not appear from the book that the entry had been transferred to a leger, it is not necessary to produce the leger without previous notice.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

Assumpsit for goods sold and delivered, and on a bill accepted by the defendant. The facts in the case, and the ruling of the Judge of the Court of Common Pleas, are stated in the opinion of the Court. The verdict was for the plaintiffs, and the defendant filed exceptions.

The arguments were in writing.

*Codman* and *Fox* argued for the defendant.

1. The bill declared on was in law a payment of the account. *Thatcher* v. *Dinsmore,* 5 *Mass. R.* 302 ; *Chapman* v. *Durant,* 10 *Mass. R.* 51 ; *Varner* v. *Nobleborough,* 2 *Greenl.* 124.

2. The alteration of the date of the bill by the holders of it, without the consent of the other party, was a material alteration, which destroyed the bill, and no action can be maintained upon it. *Bayley on Bills,* 91 ; *Chitty on Bills,* 204 ; *Farmer* v. *Rand,* 14 *Maine R.* 225 ; 5 *T. R.* 538 ; 4 *T. R.* 320 ; 5 *Bingham,* 183 ; 3 *B. & Ald.* 660 ; *Wheelock* v. *Freeman,* 13 *Pick.* 168 ; *Brackett* v. *Mountfort,* 2 *Fairf.* 115 ; 3 *Cranch,* 37 ; 3 *Yeates,* 391.

3. The plaintiffs' leger should have been produced. *Prince* v. *Swett,* 2 *Mass. R.* 569 ; 3 *Dane,* 321.

*S. Fessenden* argued for the plaintiffs.

1. The alteration of the date of the bill, making it to conform to the truth, and to the original intent and terms of the contract between the parties, does not render it void. *Smith* v. *Dunham,* 8 *Pick.* 246 ; *Hunt* v. *Adams,* 6 *Mass. R.* 519 ; 10 *Wend.* 93 ; *Bayley on Bills,* 96, *note* ; 2 *Stark. R.* 313 ; *Nevins* v. *Degrand,* 15 *Mass. R.* 436 ; 6 *Maule & S.* 142 ; *Bowers* v. *Jewell,* 2 *N. H. Rep.* 543 ; *Chitty on Bills,* 85 ; 2 *American Com. Law,* 226 ; 4 *Petersdorff,* 348, *note* ; 2 *Chitty's Rep.* 122 ; *Granite R. Co.* v. *Bacon,* 15 *Pick.* 239 ; *Hale* v. *Russ,* 1 *Greenl.* 334 ; 10 *East,* 431. The assent of the defendant to the alteration may well be presumed. *Hunt* v. *Adams,* 6 *Mass. R.* 522 ; *Hale* v. *Russ,* 1 *Greenl.* 334 ; *Bayley on Bills,* 97, *note* 17.

2. The instruction given at the trial was right. The acceptance of the bill with the fraudulent intention of delaying the time of payment, and the alteration of the time of payment, rendered the bill a nullity, and the action for the goods sold may be maintained. *Johnson* v. *Johnson,* 11 *Mass. R.* 359 ; *Stebbins* v. *Smith,* 4 *Pick.* 97 ; 6 *T. R.* 52 ; 2 *Caines,* 118 ; 8 *Johns. R.* 389 ; 6 *Johns. R.* 110 ; 15 *Johns. R.* 474 ; 4 *Johns. R.* 296 ; *Greenwood* v. *Curtis,* 6 *Mass. R.* 358.

The call for the leger, made after the trial had commenced, was too late. *Rule of Court,* 35.

After a continuance for advisement, the opinion of the Court was drawn up by

SHEPLEY J. — It appears, that the plaintiffs sold certain goods to the defendant on the 23d of *October,* 1835, on a credit of six months ; and that early in *March,* 1836, they drew upon him for the amount payable to their own order, dating their bill on the 23d of *October,* 1836, and making it payable six months after date. The defendant accepted and returned it to the plaintiffs, who altered the date of the year, making it payable in six months, from *October,* 1835.

This suit is brought upon that acceptance and upon the original contract of sale and purchase. There can be no doubt, that the alteration was material, and the bill thereby vitiated, unless it was made by the consent of the acceptor, or to correct a mistake. The

facts proved negative any presumption, that it was done by the consent of the defendant. An alteration made to correct a mistake must be such as will make the instrument conform to what all parties agreed or intended it should be, not to what one party only intended. It does not appear, that the defendant had agreed to accept a bill at six months, although that was the term of the credit ; and the plaintiffs cannot recover upon the acceptance. The defendant then sets it up against their right to recover on the count for goods sold and delivered. And the legal presumption in this state is, that receiving negotiable security for the amount is an extinguishment of the contract of sale.

The Judge however instructed the jury, " that if they were satisfied from the evidence, that the plaintiffs drew their draft upon the defendant, and dated it 1836 by mistake, and that it was intended by plaintiffs to have dated it in 1835, and that defendant well knew it at the time he accepted it, and accepted it with a view to take advantage of the mistake and thereby to secure a credit of eighteen months instead of the six months agreed to be given, it was a fraud on his part, and should render the draft and acceptance a nullity." The jury must have found the facts required by the instructions. And they exhibit an intention to seize upon a mistake to entrap the party for his own advantage and to the others' injury ; and one who has been guilty of it cannot have the benefit of his own fraudulent act. And the defendant can no more set up the acceptance to prevent the plaintiffs from recovering upon the original contract, than they can after the alteration, claim to recover by it.

There is in this case no reason for believing that any thing more could have appeared upon the plaintiffs' leger, than a credit of the bill as payment for the account, because the defendant by accepting for the full amount of it admits it to have been due unless paid by the acceptance. The benefit, which the defendant could under such circumstances have derived from the leger, is not perceived. This Court must take the facts as they are stated in the bill of exceptions without presuming any to exist, which do not there appear ; and it does not appear, that there were upon the books produced any marks shewing, that the account had been transferred to a leger ; and it is only in such cases, that the party is required without notice to produce it.

*Exceptions overruled.*