### JOSIAH AMES *vs.* MICAH COLBURN.

The alteration of a note by the payee without the knowledge of the maker, but without any fraudulent intent, and merely to correct a mistake and make the date what the parties intended that it should be, does not avoid the note in the hands of an indorsee.

ACTION OF CONTRACT by the indorsee against the maker of a negotiable promissory note. The case was referred to an arbitrator, who made an award in favor of the plaintiff, subject to the decision of the court upon these facts : The note was made and delivered on Saturday, which was in fact the 28th, but was supposed and said by the maker and the payee to be the 29th of May 1853, and under that supposition was dated " Saturday May 29th." On the following Monday the payee, observing the mistake, altered the date to May 28th, in the absence of the maker and without his knowledge, but without any fraudulent intent, and merely to make the date conform to the facts ; and the date as altered was the day of the week and year which the parties intended and supposed.

*A. F. L. Norris,* for the plaintiff, cited *Adams* v. *Frye,* 3 Met. 103 ; *Hervey* v. *Harvey,* 15 Maine, 357 ; *Thornton* v. *Appleton,* 29 Maine, 298 ; *Bowers* v. *Jewell,* 2 N. H. 543 ; *Boyd* v. *Brotherson,* 10 Wend. 93 ; *Clute* v. *Small,* 17 Wend. 238 ; *Smith* v. *Dunham,* 8 Pick. 246 ; *Hunt* v. *Adams,* 6 Mass. 519 ; *Willard* v. *Clarke,* 7 Met. 435.

*S. A. Brown,* for the defendant, cited *Master* v. *Miller,* 4 T. R. 320 ; *Gardner* v. *Walsh,* 5 El. & Bl. 82 ; *Warrington* v. *Early,*

2 El. & Bl. 763; *Cospey* v. *Turner*, Cro. Eliz. 800; *Adams* v. *Frye*, 3 Met. 103; *Smith* v. *Dunham*, 8 Pick. 246; *Wheelock* v. *Freeman*, 13 Pick. 165; *Brackett* v. *Mountfort*, 2 Fairf. 115; *Farmer* v. *Rand*, 14 Maine, 225; *Bowers* v. *Jewell*, 2 N. H. 543; *Humphreys* v. *Guillow*, 13 N. H. 385; *Stephens* v. *Graham*, 7 S. & R. 505; *Hocker* v. *Jamison*, 2 W. & S. 438; *Bank of United States* v. *Russel*, 3 Yeates, 391; *Marshall* v. *Gougler*, 10 S. & R. 164.

METCALF, J. The alteration of the date of the note was made by the promisee, without the knowledge or express consent of the promisor. But as the arbitrator has found that it was made without any fraudulent intention, and merely to correct a mistake, and make the note such as both parties intended it should be and understood that it was, we are of opinion, upon the authorities, that the note was not vacated by the alteration, and that the plaintiff is entitled to judgment on the award: *Brutt* v. *Picard*, Ry. & Mood. 37. *Knill* v. *Williams*, 10 East, 436, 437. *Boyd* v. *Brotherson*, 10 Wend. 93. Byles on Bills, (2d Amer ed.) 247 (4th Amer. ed.) 391. 1 Saund. Pl. & Ev. (2d ed.) 115. *Judgment on the award.*