JUDGE LINDSAY
delivered the omrioir of the court.
Duker, as the surety of Zahner, joined with him in the execution of a note to Shoenlaub for eight hundred dollars, due seven months after date. . The note appears upon its face to have been originally dated February 1, 1868, and to have been changed to 1869 by making the figure 9 over the figure 8. The note having been assigned to Franz, he brought suit thereon in the Jefferson Court of Common Pleas.
Duker answered, and among other defenses pleaded that after the execution and delivery of the note its date had been altered, as above indicated, without his knowledge or consent, and that in consequence of said alteration was not his act and deed. The deposition of Zahner, the principal in the note, makes it clear that February 1, 1869, was the day upon which the note was executed. He states that the note was written by him; that he had no recollection of changing the date from 1868 to 1869; that he did not make such change, nor did he see it made by any one else; and that the note in its present condition is just as it was when he and Duker signed it, except as to said apparent change.
*275 Upon the trial the court was asked to instruct the jury to the effect that if the alteration in the date was made after the execution and delivery of the note, without the knowledge or consent of Duker, either by the holder or with his permission, that the same was thereby rendered void, “though the change was made in order to correct a mistake.” This instruction was refused; and it is urged with earnestness and ability that in this the court erred to the prejudice of appellant. It seems to be the correct doctrine that an alteration of a note after its execution and delivery will render it void in case said alteration is to any degree material; and if the true date of the note sued on was 1868 and it was altered to 1869, it can not be doubted but that such alteration was material.
But the circumstances in this case indicate that the date of the note as agreed upon and intended by the parties was February 1, 1869, and not 1868. And if such be the fact, we can not admit that the alteration made, so as to effectuate the intention and agreement of those interested, is of itself enough to relieve the obligors from the performance of their undertaking.
It is true that upon this question there is some conflict of authority, but we think the reason and philosophy of the law demands that a case of this character should be made an exception to the general rule, that every material alteration in a note made after its delivery and without the consent of the payor renders it void, if indeed it comes within that general rule. We agree that the holder of the note has no right to make an alteration to correct a mistake, unless to make the instrument conform to what all parties to it agreed or intended it should have been; but this much he can do without destroying the legal efficacy of the writing. (Hervey v. Hervey, 15 Maine, 357; Parsons on Bills and Notes, 569, 570, 571.) The instruction asked for was not qualified so as to bring it within this principle, and was properly refused.
*276 The defense of drunkenness was not made out by the evidence; and though the signature of Duker is not as legible as it would have been perhaps had he been entirely sober, yet there is evidence that he was conscious of his condition and knew what he was doing'at the time the note was made. These issues were both properly submitted to the jury by the instructions of the court; and as it was proven that he did write at least a portion of his signature, and as the note itself was before the jury for their inspection, their verdict ought not to have been disturbed.
Wherefore the judgment of -the court below is affirmed.