Eliza J. McRaven v. Catherine Crisler, Administratrix.

1. Promissory Note. *Alterations. Case in judgment.*

   C. sold a tract of land to M., and for the purchase-money took a promissory note, in which the land was described as the " S. ½ of sec. 12, and W. ½ of N.W. ¼ of sec. 12, all in T. 5, R. 1 E." Afterwards, the note was altered, and " R. 1 E." changed to " R. 1 W.," and " W. ½ of S. W. ¼ of sec. 7, T. 5, R. 1 E." inserted. This court doubted whether the alteration in the description of the land was a material alteration of the note, citing *Bridges* v. *Winters*, 42 Miss. 135.

2. Same. *Alterations. When allowed.*

   Where an alteration in a promissory note conforms to the true intention of the parties thereto, is honestly made to correct a mistake, and with no intent of procuring any advantage, it will not vitiate the note. The law will presume or dispense with the assent of the maker of the note to such alteration.

3. Covenants Independent. *Vendor and vendee.*

   Where a vendor covenants to make title to land, and the vendee covenants to pay the purchase-money, such covenants will be regarded as independent, if the time of payment precedes the time fixed for delivering the deed, or if no time for making title is fixed.

Error to the Circuit Court of Hinds County.

Hon. George F. Brown, Judge.

Wesley Crisler sued Eliza J. McRaven in assumpsit, upon three counts. The first count was upon a promissory note, given for the purchase-money of a tract of land, sold by the plaintiff to the defendant, and recited that the land was known as the " S. ½ of sec. 12, and the W. ½ of N. W. ¼ of sec. 12, all in T. 5, R. 1 W., and the W. ½ of S. W. ¼ of sec. 7, T. 5, R. 1 E." The second count was for the purchase-money of said land, and recited that the plaintiff sold to the defendant the tract of land above described, and the defendant received possession of the property, under the plaintiff, and has ever since held the same ; that on the day of the sale of said land, by agreement of the parties, one Harris drew up a note for the purchase-money, but therein misdescribed the land, by omitting from the note the " W. ½ of S. W. ¼ of sec. 7, T. 5, R. 1 E.," and by describing the other land as being in " R. 1 E.," instead

of " R. 1 W.;" and that after said note had been signed by the defendant and delivered to the plaintiff, Harris detected the error in the note, and corrected it accordingly. The third count was for money loaned and advanced. The plaintiff in his declaration made tender of a deed conveying said lands to the defendant, to be delivered upon payment of the purchase-money, which deed was filed in court.

The defendant filed six pleas, but it is only necessary to notice the first and sixth. The first plea was *non est factum* to the first count in the declaration. The sixth plea was to the first and second counts, as follows: " The said defendant says *actio non*, because said supposed writings in said counts mentioned are one and the same; and said writing was altered at the request of the plaintiff, without her consent, in the particulars mentioned in the second count; and the defendant avers that the original note was given by her in consideration that the plaintiff would sell and convey to her all the interest he acquired in the lands mentioned in said second count; yet the plaintiff did not, before the institution of this suit, execute or tender to her any such conveyance, as he was bound to do; and so the consideration of said note has hitherto failed."

The plaintiff demurred to the defendant's sixth plea, because, —

1. The alleged alteration without the defendant's consent is no answer to either the first or second count.

2. The not tendering deed before suit brought is no defence to either count, one being tendered with the declaration.

The court sustained the demurrer, and allowed the defendant to answer over. The parties waived a jury, and tried the case before the court, who rendered judgment for the plaintiff.

The defendant sued out a writ of error, and assigned several errors, only two of which were noticed by this court; to wit: —

1. The Circuit Court erred in sustaining the demurrer to the defendant's sixth plea.

2. The finding and final judgment of said court is contrary to the law and evidence.

During the pendency of the case in the Circuit Court, Wesley Crisler, the plaintiff, died, and the action was revived in

the name of Catherine Crisler, administratrix of the estate of the deceased.

*Potter & Green*, for the plaintiff in error.

1. " Courts will construe covenants to be dependent, unless a contrary intention clearly appears. A party shall not be forced to pay out his money, unless he can get that for which he stipulated." "It is not to be presumed that the vendee intended to pay his money without receiving the stipulated equivalent in a title to the land purchased." *Robinson* v. *Harbour*, 42 Miss. 795, 801, 803. " In contracts, where either party might be compelled to part with his money or his property without receiving the stipulated equivalent, the latest and best action of the courts has been to hold that the party seeking to enforce the contract must make his own part of the agreement precedent, and allege either a performance or a tender and refusal." *Wadlington* v. *Hill*, 10 S. & M. 560, 562.

2. The consideration, being recited in the note, became a material part of it, and the interlineation by the payee, so as to show another and different consideration, and making another note given for another tract of land, avoids the original note, and no recovery can be had. *Benjamin* v. *McConnell*, 4 Gilman, 545, 546 ; *Knill* v. *Williams*, 10 East, 431. " In all cases the inquiry should be, not *has* the defendant been injured by the alteration, but *might* he have been injured ?" So the rule is the same, " if the mere identity of the note is obscured " by the alteration. 2 Parsons on Notes and Bills, 551.

*Shelton & Shelton*, for the defendant in error.

1. The correction of the note was for Mrs. McRaven's benefit, and gave her the four hundred and eighty acres of land which she contracted for. Without the correction by some person or a court she would have received but four hundred acres. There can be no pretence of fraud in the correction : it was an act of plain honesty to Mrs. McRaven. Where a mortgagor altered the mortgage after it was signed by his co-mortgagor, and without his knowledge, by inserting additional property at the request of the mortgagee, it was held that the mortgage was valid against the first signer for the property in the mortgage when he signed it, and against the second signer for the whole. 11

Iowa, 465. An indorser was held liable for the original amount of a note, though the maker, after its indorsement, altered it by increasing the amount. 39 Penn. St. 388. Where a note was indorsed, and the indorser altered it by inserting the name of a different payee on the face of the note, it was held that in the absence of fraud the note was evidence in a suit thereon. 15 Pick. 239.

2. The promise of Mrs. McRaven was not a condition precedent. It was absolute, without condition, and for a consideration which has not failed, and cannot fail, for we tender a conveyance. If the parties have made no condition to the promise to pay, a court of law cannot make one. 42 Miss. 414; 1 How. (Miss.) 341; 3 How. (Miss.) 460; 23 Miss. 78; *McMath* v. *Johnson*, 41 Miss. 439; 42 Miss. 801. When covenants are independent, suit may be brought without averring performance, or a tender of performance. *Robinson* v. *Harbour*, 42 Miss. 795, 798; *Gibson* v. *Newman*, 1 How. (Miss.) 341; *Leftwich* v. *Coleman*, 3 How. (Miss.) 167; *Rector* v. *Price*, 3 How. (Miss.) 321.

Chalmers, J., delivered the opinion of the court.

The suit was upon a note for $3,840 given by the appellant to the appellee's intestate for the purchase-money of a tract of land. The note undertook to recite the land for the price of which it was executed, but the land was misdescribed. This being discovered by the payee some months after its execution, he took it to one Harris, who had acted as draughtsman for both parties in drawing it, and procured him to interline and alter it, so as properly to describe the land.

In suing upon the note, several counts were laid in the declaration: 1. Upon the note; 2. Upon a special contract to pay the sum agreed upon, and a delivery and retention of possession of the land thereunder; 3. The common counts for money paid out and expended, &c.

To the count upon the note there was a plea of *non est factum* under oath; and the view which we take of this count and the plea thereto renders an examination of the subsequent pleadings unnecessary, in so far as they relate to an ultimate right of recovery. We doubt whether the altera-

tion in the description of the land was a material alteration of the note, and, if not, of course the latter was not affected by it. *Bridges* v. *Winters*, 42 Miss. 135.

But even if it be deemed a material alteration, we think it is equally clear that it did not vitiate the note. It was but the correction of a mistake so as to conform the note to the intention of both the parties to it, and it was made in such manner as clearly to negative any fraud upon the part of the payee, or any intention to obtain an advantage. That under these circumstances alterations in notes will not vitiate them, we think, is well settled. The only questions in such cases are, Does the alteration actually conform to the true intention of both parties to the instrument? and was it honestly made to correct the mistake, and with no intent of procuring an advantage? Where these questions are answered in the affirmative, the law will presume or dispense with the assent of the maker of the note to its alteration. 2 Parsons on Bills and Notes, 569, 570; Chitty on Bills and Notes, 184, 185; Bayley on Bills and Notes, 90; *Kershaw* v. *Cox*, 3 Esp. 246; *Knill* v. *Williams*, 10 East, 431; *Brutt* v. *Picard*, Ry. & Mood.; *Clute* v. *Small*, 17 Wend. 238; *Hervey* v. *Harvey*, 15 Me. 357; *Bowers* v. *Jewell*, 2 N. H. 543; *Boyd* v. *Brotherson*, 10 Wend. 93.

The point was ruled otherwise in *Miller* v. *Gilleland*, 19 Penn. St. 119, by a divided court; but we think the dissenting opinion of Justices Lowrie and Woodward (to be found in 1 Am. Law Reg. 672) enunciates the sounder doctrine, both upon reason and authority.

The judgment in the case at bar is therefore maintainable upon the first count in the declaration.

By the defendant's sixth plea she averred " that the original note was given by her in consideration that the plaintiff would sell and convey to her by proper deed of conveyance the land," &c.; and that no deed had been tendered before suit brought. A deed was filed with the declaration, which, by the judgment of the court, was ordered to remain on file, and be delivered on payment of the judgment. Was there any obligation to tender it before the institution of the suit? There was no written contract to convey the land, nor any

proof of a parol promise to do so.  The question must therefore be tested by the averments of the plea.

It will be observed that there is no allegation that the deed was to be made at or before the payment of the note, nor is any time specified when the execution of the deed was to take place.  The note was payable one day after date.  While it is true that the courts will hold the covenant to pay and the covenant to make title as dependent, unless a contrary intention clearly appears, it is no less true that the covenants must be regarded as independent, where the time of payment precedes the time fixed for delivering the deed, or where no time for making title is specified.  *Gibson* v. *Newman*, 1 How. (Miss.) 341; *Leftwich* v. *Coleman*, 3 How. (Miss.) 167; *Rector* v. *Price*, 3 How. (Miss.) 321; *Robinson* v. *Harbour*, 42 Miss. 795.

The case of *Gibson* v. *Newman*, *supra*, was much like the one at bar.  In that case, as in this, there was no written obligation to convey, and the question was determined by the language of the plea.  There, as here, the plea failed to aver any period when the deed was to be made; and upon this ground the covenants were held to be independent.  That case is cited and approved in *Robinson* v. *Harbour*, *ubi supra*, the latest authoritative exposition of this court on the much-vexed question of dependent and independent covenants.

The demurrer to the plea in the case at bar was properly sustained.                                        *Judgment affirmed.*