Taylor v. Taylor and Bloodworth.

MILTON TAYLOR *v.* W. M. TAYLOR, Adm'r, etc., and WM. BLOODWORTH.

1. BILLS AND NOTES. *Alteration.* Altering a note by substituting the figure "2" in place of the figure 3, so as to make it fall due twelve months earlier, without the consent of one of the obligors, imports a fraud in law, whether so intended or not, and no wrong can be had on it either in its original or altered form against him.

2. SAME. *Same. Partners.* Where, however, two of the obligors were partners, and both signed the note individually, the note being executed for borrowed money for the business of the partnership, and one of them altered the note, both are liable on a suit upon the note altered.

## FROM WILSON.

Appeal in error from the Circuit Court of Wilson county. R. CANTRELL, J.

TARVER & GOLLADAY for Plaintiff.

MARTIN & BEARD, W. H. WILLIAMSON for defendants.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff sued John C. Hubbard, Wm. Bloodworth and W. M. Harkreader, administrator of J. F. Harkreader, on the following note:

"Six months after date, we, or either of us, promise to pay Milton Taylor, or order, one thousand dollars borrowed money, at ten per cent per annum. November 1, 1872.

JOHN C. HUBBARD,
WM. BLOODWORTH,
J. F. HARKREADER."

Bloodworth and Harkreader filed special pleas of *non est factum,* the statute of limitations of six years, and *nil debit,* and Harkreader, as administrator, also pleads fully administered.

The pleas of *non est factum* aver that the date of the note had been altered since it was signed by them, by substituting a " 2 " for the figure 3 as originally written, thus making the note fall due six months from November 1, 1872, instead of November 1, 1873, and making them liable for one year's more interest than they would be bound for on the note as written when executed.

The defendant, Hubbard, made no defense and judgment was taken against him by default.

The issues tendered by the other defendants were tried, by consent of parties, by the circuit judge without the intervention of a jury. He decided the issues in favor of defendants, but upon application of the plaintiff granted a new trial as to defendant, Bloodworth, but refusing it as to Harkreader.

He again tried the case by consent of parties, and rendered a judgment against Bloodworth, and plaintiff and defendant, Bloodworth, have both appealed to this court.

The circuit judge found that a material alteration in the note sued on had been made, that the note was originally dated November 1, 1873, and had been altered to bear date November 1, 1872, and rendered judgment against plaintiff for costs in favor of both defendants. But as before stated, upon granting plain-

tiff a new trial as to Bloodworth, he subsequently rendered judgment against him.

The Referees have recommended an affirmance of the judgment in favor of Harkreader, administrator, etc., the reversal of it as against Bloodworth.

Plaintiff excepts to the report upon the ground that he is entitled to a judgment against both, and has filed a number of exceptions fairly raising the question of the correctness of the report.

The facts upon which the circuit judge relies as establishing the sufficiency of the defense of Harkreader and Bloodworth, are not more fully recited by him than is hereinbefore stated. But the evidence shows that the alteration was made from 1873 to 1872, by Hubbard, in presence of Taylor, the payee, and with his consent, and the weight of it also establishes, as we think, that the note was in fact executed November 1, 1872, instead of November 1, 1873, as dated. But this alteration was made without the knowledge or consent of either Bloodworth or Harkreader.

In 5 Sneed, 344, this court said, that any alteration of the instrument by the party entitled under it, by which its legal effect is changed, renders it void, and that such alteration imports a fraud in law whether so intended or not, and no recovery could be had upon the note in either its original or altered form. Citing 1 Greenl. Ev., secs. 565, 566; Add. on Con., 1084.

His Honor, Judge Caruthers, who delivered the opinion, expresses doubt whether the same result would

follow if an immaterial alteration was made by the obligee. He says, however, if fraudulently done, it would be fatal; if innocently done, and productive of no injury, perhaps it would not.

The case in 5 Sneed was one in which the alteration was made by one of the obligors at the instance of the agent of the obligee, and was as free from any intentional fraud as the case at bar. It was, however, a case in which the alteration made was the change of a single figure like this, making the note due one year earlier than it was when brought with the signature of another obligee, who did not know of or assent to the change, and it was held he was discharged. But the obligee in that case, as in this, who assented to the change, was held bound.

It appears that Hubbard and Bloodworth were partners in purchasing and pressing cotton from 1872 to March, 1874. The note was executed for borrowed money for the use of the firm, and the negotiation for it, was made by Hubbard, and the note signed for it by them, not as a firm, but individually; and although the reason for the holding Bloodworth liable is not stated in his Honor's judgment, we hold that it is because of such partnership, and because he was of opinion that the money was obtained and used for partnership purposes.

In 1 Parsons on Contracts, 173–4, it is said the liability of a partner springs either from his holding himself out to the world as a partner, or from his participation in the business, and its profits and loss. If both conditions exist they strengthen each other,

but either of them is generally sufficient to create this liability; and both would in such case be liable, where the purchase was for the joint benefit, and was made by one alone, and the credit given to him alone. So that both having signed the note for partnership purposes, much more would both be liable thereon as partners, although the note was signed by them in their individual names. The weight of the evidence is the partnership was still subsisting at the time of the alteration of the note, and as at that time the debt was a valid and subsisting against the defendant, Hubbard, might have renewed it by the execution of a new note, and if so, we see no reason why he might not make such alteration in the old note as he could lawfully have made by the execution of a new one, and bind his partner thereby. No intentional wrong was contemplated.

To hold, as was held in 7 Bush, 273, that the holder of the note may alter a note materially, so as to make it conform to what the parties intended it to be, and thus bind obligees not assenting to such alteration, would open the door to controversies intended by the law to be closed by the written contract of the parties.

In such case you would have a party bound by an obligation which he did not sign, but which was changed after his signature was placed upon it. It is in law his obligation because he signed it, and if something in the shape of additional liability is added to it thereafter, he should not be held upon the writing as executed by him to a greater measure of res-

ponsibility than the writing itself imposes, whatever may be the measure of his liability, if any, by his parole agreement, or by the instrument when reformed in the proper forum. The creditor in such case has no right to determine and execute the measure of redress by changing the terms of the written contract.

The report of the Referees as to Harkreader, administrator, will be confirmed; but as to Bloodworth it will be set aside, and the judgment of the circuit court as to both will be affirmed.

Upon petition to rehear, DEADERICK, C. J., said:

A petition to rehear has been presented in this case, and the argument made upon the original hearing has been repeated with some additions. It is earnestly argued that the authorities of our own court are not broad enough to cover this case.

We admit that the doctrine contended for by plaintiff's counsel that a note may be altered so as to correct a mistake, and in furtherance of the original intention of the parties, is sustained by several of the highly respectable cases cited. But a contrary rule is quite as well supported by other cases. Our own court in the case cited in 5 Sneed, 844, is in accord with the last named class of cases. It distinctly holds that any alteration by the party entitled under it, by which the legal effect of the instrument is changed, renders it void, and in the later case of *McVey* v. *Ely,* 5 Lea, 443, this court said, the unauthorized change, with intent to change the legal effect, is in law a

fraudulent alteration, no matter how innocent the purpose.

If sued on in its altered form, the defendant may plead *non est factum*, because it is not the instrument he did execute, and no recovery can be had upon it for this reason.

The case in 11 Hum., 84, is not in conflict with the view taken of the case at bar. In that case the court say the insertion of words which do not affect the rights or responsibilities of parties, or which the law would supply, will not vitiate the instrument, though done by a party, without the consent of the other parties, without any fraudulent intent. But in the same case the doctrine that the alteration of an instrument in its legal sense, would avoid it, is fully recognized.

The insertion of words that do not affect the rights or liability of the parties, it is held in the 11th Humphrey's case, is not an alteration in its legal sense. If the words do change the rights and liabilities of the parties, their insertion is such an alteration as will avoid the instrument.

In this case the change made was a material alteration, because it gave the holder one year's interest which the note as originally written and signed did not give, and thus its legal effect was changed. The petition to rehear will be dismissed and the judgment will be entered in conformity with the opinion heretofore announced.

We have examined the supplemental brief for plain

tiff, and the cases furnished in 11 Gray and 2 New Hampshire, but are of opinion that our own decisions are conclusive of the questions discussed.