The State, ex rel. Lowery, v. Davis et al.

No. 13,444.

THE STATE, EX REL. LOWERY, v. DAVIS ET AL.

EVIDENCE.—*Deed.*—*Secondary Evidence of Contents.*—A proper foundation must be laid before secondary evidence of the contents of a deed is admissible.

COUNTY RECORDER.—*Negligence.*—*Nominal Damages.*—A recorder of deeds who is guilty of a breach of duty is liable only for nominal damages, unless the plaintiff proves an actual loss.

SAME.—*Liability to Lien-Holder.*—Where a recorder negligently so records a deed, reserving a lien, as to make the amount of the lien two hundred dollars when it should be five hundred, he is not liable beyond nominal damages, unless the plaintiff proves that he can not collect the full amount of the lien from the person who assumed its payment.

From the Madison Circuit Court.

*M. A. Chipman*, for appellant.
*C. L. Henry* and *H. C. Ryan*, for appellees.

ELLIOTT, C. J.—This case is here for the second time. *State, ex rel.*, v. *Davis*, 96 Ind. 539. The present appeal brings before us the ruling of the trial court denying a new trial.

The appellant offered evidence of the contents of a deed, but at the time the evidence was offered no foundation had been laid for the introduction of secondary evidence. There was, therefore, no error in excluding the offered testimony.

The jury returned a verdict in favor of the relator for one dollar, and his counsel insists that this finding decides all questions in his favor, and that, consequently, the assessment of the amount of recovery should have been at least three hundred dollars. We can not accept this theory. The recorder who is guilty of a breach of duty is only liable for nominal damages, unless the plaintiff proves an actual loss. It is quite clear, therefore, that a verdict for nominal damages does not necessarily decide all material questions in

favor of the plaintiff, for, on the contrary, it really decides that he suffered nothing more than a nominal injury.

A plaintiff can not recover of a recorder, and the sureties on his official bond, more than nominal damages, unless he · proves an actual loss, and to prove this he must show, in such a case as this, that he could not have collected the amount of his lien from the party who assumed to pay it. In other words, where a recorder negligently so records a deed, reserving a lien, as to make the amount of the lien two hundred dollars when it should be five hundred, he is not liable beyond nominal damages, unless the plaintiff proves. that he can not collect the full amount of the lien from the person who assumed its payment. If the person who undertook to pay remains liable and solvent, then the money must be collected from him and not from the recorder and his sureties.

Judgment affirmed.

Filed Feb. 13, 1889.