The State, *ex rel.* Michener, Attorney General, *v.* Egbert *et al.*

Filed April 25, 1890.

------◆------

No. 14,086.

THE STATE, EX REL. MICHENER, ATTORNEY GENERAL, *v.* EGBERT ET AL.

PROSECUTING ATTORNEY. —*Recognizance Bond.*—*Judgment of Forfeiture.*— *Failure to Have Entered.*—*Official Bond.*—*Action upon.*—*Liability of Surety.* —The State may not maintain an action on the official bond of a prosecuting attorney in case he neglects to cause a default and judgment of forfeiture to be taken and entered against a defendant and his recognizors upon the failure of the defendant to appear and answer a crim-

inal charge preferred against him at the time specified in the recognizance, as there is no statute which in terms imposes this duty on that officer. In the absence of such a statute the sureties are not liable for what may have been a mere mistake or inadvertence.

From the St. Joseph Circuit Court.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

*L. Hubbard* and *A. Anderson,* for appellees.

MITCHELL, C. J.—The record presents the following question for decision: May the State maintain an action on the official bond of a prosecuting attorney in case he neglects to cause a default and judgment of forfeiture to be taken and entered against a defendant and his recognizors upon the failure of the defendant to appear and answer a criminal charge preferred against him, at the time specified in the recognizance? The condition of the bond executed by the prosecuting attorney is, that he will honestly discharge the duties of his office. By the terms of the bond the sureties do not engage to answer for the professional skill or ability of the officer, nor that he will exercise diligence or professional care in the discharge of the duties of his office. Their undertaking is that he will discharge his duties honestly and in good faith, and the sureties are not liable for mere mistakes or neglect of the officer. His duties are not merely ministerial, and are not always absolute and fixed by statute. Many of them depend upon the exercise of judgment, and the sureties on his bond do not engage that he will always judge wisely, or act prudently. It is essential, therefore, before the sureties can be held liable, to show that the officer neglected to perform a positive duty enjoined upon him by statute, in the performance of which the State had a special and particular interest, and that an injury has resulted from his delinquency. Thus, in *Union Bank* v. *Clossey,* 10 Johns. 271, where the condition of the bond of a clerk in a bank

was that he should well and faithfully perform the duties assigned to, and trust reposed in, him as first teller, etc., the condition was held to apply to the honesty, and not to the ability of the clerk, and that his sureties were not liable for a mere mistake, but only for a breach of duty, or for dishonesty. Section 1721 of the code of criminal procedure provides that " If, without sufficient excuse, the defendant neglect to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and the recognizance of bail or money deposited as bail, as the case may be, is thereupon forfeited."

Following this, it is provided in section 1722, that " The prosecuting attorney shall, as soon as such fact of forfeiture is entered, proceed by action against the bail upon the recognizance," etc. The duty of causing the default and judgment of forfeiture to be entered in case the defendant neglects to appear according to the condition of his recognizance seems to be charged more directly upon the court than upon the prosecuting attorney. While, according to the common practice, and rules of propriety, it is no doubt fit and proper that the prosecuting attorney should, in case the defendant in a criminal proceeding fails to appear, cause a judgment of forfeiture to be entered upon the recognizance of bail; yet our attention has been called to no statute which absolutely, and in terms, imposes this duty upon that officer. In the absence of such a statute the sureties are not liable for what may have been a mere mistake, or inadvertence. The rule is, that the duty must be absolute and certain, and must not arise by mere inference, before the officer can be made liable.

The judgment is affirmed, with costs.

Filed April 30, 1890.