The State, *ex rel.* Wall, *v.* Fleming *et al.*

Filed May 27, 1890.

---

## No. 14,132.

## THE STATE, EX REL. WALL, *v.* FLEMING ET AL.

COUNTY CLERK.—*Ministerial Duty.—Statute Defining.*—Section 1213, R. S. 1881, provides that where an issue involving the question of suretyship is made between defendants jointly sued, if the issue be found in favor of the surety, the court shall make an order directing the sheriff to levy the execution first upon and exhaust the property of the principal before a levy shall be made upon the property of the surety, "and the clerk shall endorse a memorandum of the order upon the execution."

The State, *ex rel.* Wall, *v.* Fleming *et al.*

SAME.—*Execution.*—*Failure to Endorse Order to Exhaust Principal's Property.*—*Liability for Neglect.*—The complaint in an action by a surety against the clerk of the court and the sureties on his official bond, based upon the above statute, alleged that the clerk of the court failed to set out the order of the court in the execution directing the sheriff to levy the execution first upon the property of the principal and to endorse a memorandum of the order thereon as required, and that in consequence the property of the plaintiff instead of that of the principal was sold to satisfy the execution, which to prevent further loss he was required to redeem. It further alleged the possession by the principals, at the time the execution was issued, of sufficient property to have satisfied the execution, but that "soon after the levy and sale of the property of the surety they became insolvent, and have continued so."

*Held*, that the complaint is insufficient, and demurrable, since it fails to allege such a state of facts as to show affirmatively that the plaintiff suffered loss and that the loss was occasioned by the officer, it not appearing by the averments of the complaint of what character the property was, or whether or not it was subject to execution, for, if so, the plaintiff, subrogated to the rights of the judgment creditor, could have seized the property for his reimbursement.

From the Jay Circuit Court.

*C. Corwin* and *J. M. Smith*, for appellant.

*D. T. Taylor* and *R. H. Hartford*, for appellees.

MITCHELL, J.—Fleming, as clerk of the circuit court of Jay county, and the sureties on his official bond, were sued by James A. Wall, as relator, to recover damages for an alleged failure of the clerk to perform an official duty imposed upon him by the statute. Section 1213, R. S. 1881, is to the effect that where an issue involving the question of suretyship is made between defendants jointly sued, if the issue be found in favor of the surety, the court shall make an order directing the sheriff to levy the execution, first upon and exhaust the property of the principal, before a levy shall be made upon the property of the surety, "and the clerk shall endorse a memorandum of the order on the execution." It appears that a judgment had been recovered against the relator and two others, in the circuit court of Jay county, and that upon an issue duly made between him and his co-defendants he had been adjudged surety, and an

order had been made by the court as provided by the above
statute.  The relator complains that the clerk failed to set
out the order of the court in the execution afterwards issued
upon the judgment, and that he neglected to endorse a mem-
orandum of the order thereon as required, and that the ·
sheriff, in order to satisfy the execution, levied upon and sold
his property, which he was afterwards, in order to prevent
further loss, required to redeem at a cost of $519.91.  He
avers further, that at the time the execution was issued the
principals were possessed of sufficient property to satisfy the
execution, but that " soon after " the levy and sale of his
property they became and have ever since continued to be
insolvent.

The court held the complaint insufficient and gave judg-
ment accordingly upon demurrer.

The law is settled that a ministerial officer who is charged
by statute with an absolute and certain duty, in the per-
formance of which another has a special and personal inter-
est, is liable to make compensation to the extent of any
actual loss sustained by the person specially interested, in
case the officer refuses or neglects to perform his duty.
*State, ex rel.,* v. *Davis,* 96 Ind. 539; *State, ex rel.,* v. *Davis,*
117 Ind. 307; *Clark* v. *Miller,* 54 N. Y. 528; 1 Sutherland
Damages, 246.  The rule is different in case the duty to be per-
formed depends upon the right exercise of the judgment of
the officer.  A public officer is not liable for a mere mistake
of judgment.  *Kendall* v. *Stokes,* 3 How. U. S. 87; *State,*
*ex rel.,* v. *Egbert,* 123 Ind. 448.

The rigorous severity of the rule which treated the judg-
ment or debt, the collection of which had been delayed or
impaired by the default of a public officer, as the debt of
the latter, has been very properly relaxed.  Compensation
for actual damage resulting from the negligent act of the
officer is now the general rule.  *Dow* v. *Humbert,* 91 U. S.
294; *State, ex rel.,* v. *Davis, supra.*

Conceding that the clerk failed or neglected to perform an

absolute and certain duty, in the observance of which the relator was specially interested, and which he had a right to call upon him to perform, it becomes pertinent to inquire in what manner the latter was injured by his neglect. In order to make the complaint sufficient such a state of facts must appear as to show affirmatively that the relator sustained loss, and that the loss was occasioned by the neglect of the officer.

The averments in the complaint in respect to the property owned by the principal debtors at the time the execution was issued are ambiguous. It does not appear whether it was real or personal estate, nor is it averred that the property was subject to execution. The averment is that they " had sufficient property out of which such execution could have been made."

If we assume that the property was subject to execution, then, whether it was real or personal, it was affected with a lien to which the relator, whose suretyship had been duly declared, was subrogated the moment the debt was paid by the sale of his property. *Rooker* v. *Benson*, 83 Ind. 250; *Pence* v. *Armstrong*, 95 Ind. 191; *Gerber* v. *Sharp*, 72 Ind. 553; section 1214, R. S. 1881.

The relator's status as surety having been fixed by the judgment, it was only necessary for him, when he had paid the debt, to take out a new execution for his own use, and if the principal debtors had property subject to execution sufficient to pay the debt, we can perceive no reason why it could not have been seized for the reimbursement of the surety. If they had no property subject to execution then the relator was not injured by the failure of the clerk.

For all that appears the situation of the principal debtors remained the same in respect to their property at the time the relator paid the judgment as at the time the execution issued. The averment is that they became insolvent " soon after " the relator's property was sold. This indicates no time at all that can be taken notice of. If an execution had

issued for the relator's benefit on the day his property was sold, he would have been in as favorable a situation, so far as appears, as if the clerk had not made the mistake.

One who has suffered, or is about to suffer, injury from the neglect or default of another, can not stand supinely by, but must use all reasonable diligence to make the damages as light as possible. When the relator discovered that the clerk had neglected his duty in issuing the execution, it was incumbent upon him to use all proper and reasonably available means to have the mistake corrected and to protect himself by using the means the law provided for his indemnity. *Louisville, etc., R. W. Co.* v. *Sumner*, 106 Ind. 55; 1 Sutherland Damages, 151.

From all that appears the neglect of the clerk may have resulted from a mere innocent mistake, which would have been corrected upon request, and while this would afford no defence so far as actual and unavoidable loss resulted, it serves to support the reasonable doctrine that actual and ununavoidable loss must be shown to have resulted from the mistake of the official before a right to recover anything more than nominal damages ensues.

The judgment is affirmed, with costs.

Filed May 27, 1890.