Osborn *v.* Hall.

---

## OSBORN *v.* HALL ET AL.

[No. 20,006. Filed February 26, 1903.]

MORTGAGES.—*Record.*—*Mistake.*—*Lien.*—Where real estate is sold subject to a mortgage as shown by the record, and the purchaser is without knowledge that there was a mistake in the record, the mortgage is a lien on the land for no greater amount than that named in the record. *pp. 157, 158.*

ALTERATION OF INSTRUMENTS.—*Promissory Note.*—*Change of Rate of Interest by Payee.*—The alteration of a promissory note by the payee, by changing the rate of interest from eight per cent. to seven and one-half per cent. to make the note conform to the agreement between the parties, is not such an alteration as will vitiate the note. *pp. 158–162.*

From Hendricks Circuit Court; *R. W. McBride,* Special Judge.

Suit by Mary A. Osborn against Douglas Hall and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed in part, and reversed in part.*

*R. T. Hollowell, W. N. Harding, A. R. Hovey* and *C. S. Wiltsie,* for appellant.

*E. G. Hogate* and *J. L. Clark,* for appellees.

JORDAN, J.—Action by appellant in the lower court against appellees herein, defendants below, to recover a balance alleged to be due and unpaid on a promissory note executed by Douglass Hall to appellant, and to foreclose a

mortgage executed by the said Hall and wife to secure the payment of the note in suit when due. The issues tendered by the answer filed by the defendant Hall in regard to the note in suit were payment and *non est factum*. The defendant John T. Hocker pleaded in his answer to the complaint: (1) The general denial; (2) payment; and (3) facts disclosing that he was the owner of the land against which the plaintiff sought to foreclose her mortgage by purchase from Hall and wife, the mortgagors; that the said premises were conveyed to him by the latter by warranty deed, subject to a mortgage of $1,308, executed to the plaintiff, as shown by the record of said mortgage, as the same had been recorded in the recorder's office of Hendricks county, Indiana, in which county the mortgaged premises were situated; that the mortgage as it appeared of record in the recorder's office showed that it had been executed to secure only $1,308, as evidenced by a promissory note; and that said defendant, without any notice or knowledge to the contrary, relied upon the record of the mortgage, and settled with Hall, from whom he purchased the real estate, accordingly, and when the principal note fell due he paid plaintiff $1,308, the amount thereof as shown by the record of the said mortgage, together with all of the accrued interest thereon, and demanded that she satisfy the mortgage, which she refused to do. The prayer of the answer was that under the alleged facts no decree of foreclosure against the land so held by the defendant be rendered. The issues were joined between the parties on the complaint, answers and reply, and on the trial the court, by request, made a special finding of facts, and stated its conclusions of law thereon against the plaintiff and in favor of the defendants, and rendered judgment, over a motion for a new trial, against the plaintiff for costs.

It appears that the plaintiff in her complaint alleged that on July 25, 1896, "Douglass Hall, by his promissory note, a copy of which is filed herewith marked exhibit A,

and made a part hereof, promised to pay the plaintiff the sum of $1,380 with interest at seven and one-half per cent., which interest was evidenced by coupon notes, all of which have been fully paid up to July 25, 1900." The copy of the note filed with the complaint, and marked exhibit A, expressly fixes the rate of interest at eight per cent. per annum, instead of seven and one-half per cent. as declared by the plaintiff in her complaint.

The special finding discloses the following facts: Douglass Hall and his wife, on July 25, 1896, executed a mortgage to plaintiff upon certain real estate, described, situated in Hendricks county, Indiana, to secure the payment, when due, of one principal promissory note for $1,380 of even date, and due four years from the date thereof; that the mortgage also secured the payment of four coupon interest notes of the same date, each for the sum of $103.50, payable in one, two, three, and four years from the date thereof, respectively, each bearing eight per cent. interest per annum after maturity; that all of the aforesaid notes were payable to the order of the plaintiff Mary A. Osborn at the First National Bank of Danville, Indiana; that on the 5th day of August, 1896, said plaintiff left the mortgage, so executed, for record with the recorder of said county, and the recorder undertook to record it in mortgage record No. 31, at page 383, in his office, but in so recording the said mortgage it was stated in the record thereof that the principal note executed by the mortgagor was $1,308, instead of $1,380, as stipulated in said mortgage; that thereafter Hall sold the said real estate to the defendant John T. Hocker, subject to said mortgage in favor of the plaintiff Osborn, which was represented at the time by said Douglass Hall to be of the face value of $1,308; that before receiving the deed of conveyance from the said Hall, Hocker examined the mortgage record No. 31, at page 383, being the record in and upon which the said mortgage executed by Hall and wife to the plaintiff had been recorded,

and there discovered that the same, as recorded, secured the principal sum of $1,308 together with four coupon interest notes, each for the sum of $103.50, and when Hocker purchased the land and received the deed of conveyance therefor he in good faith believed that the principal sum which the mortgage was given to secure was $1,308, and he had no knowledge or information to the contrary; that thereafter, at the times the interest fell due on the mortgage indebtedness, Hocker paid to the duly authorized representative of Mary A. Osborn the interest thereon as represented by the coupons, and on the 25th day of July, 1900, the day on which the principal sum of the mortgage indebtedness matured, he paid to the duly authorized agent of the plaintiff the principal sum of said mortgage indebtedness as the same appeared of record, to wit, $1,308, and all interest due thereon, and requested that the mortgage be released and satisfied of record. He was then informed that the principal sum secured by the mortgage was $1,380, and not $1,308, as the same appeared upon the record, and this was the first knowledge that Hocker received that the mortgage was executed for any other or greater sum than $1,308. Under the contract and agreement between the plaintiff Mary A. Osborn, and the defendant Douglass Hall, it was agreed that the principal note should bear interest at the rate of seven and one-half per cent. per annum until paid. Hall executed to the plaintiff his said four several coupon interest notes of $103.50 each, which evidenced the interest thus agreed upon, but the principal note as actually executed by the defendant to the plaintiff provided that he should pay interest at eight per cent. per annum until paid, the rate therein being indicated by the printed word "eight." After the execution of the principal note, and before its maturity, the plaintiff, without the knowledge or consent of Hall, placed over the word eight in the said principal note the figures "7½" with a lead-pencil, and without erasing the printed word eight, other

and except that the lower part of the vertical line of the figure 7 passed through the letter "h" in the word eight, and the figure 2 in the fraction was inserted between the words eight and per. These figures, as the court finds, were made without any intent to defraud, and without any intention to change the character of the obligation, but with the intent of changing the rate of interest as printed in the note to the rate of interest as agreed upon between the parties, and as shown or expressed in the said several coupon interest notes. Hall had no knowledge that these figures made by the plaintiff with the lead-pencil were placed in the said note until after the commencement of this action, and never consented thereto. Upon the facts as found the court concludes that the plaintiff was not entitled to a foreclosure of her mortgage, or to recover anything upon the note in suit; that the defendants were entitled to recover their costs; to all of which conclusions exceptions were properly reserved by the plaintiff.

The errors assigned are: (1) The court erred in its conclusions of law; and (2) in denying appellant's motion for a new trial.

Appellant insists upon a reversal of the judgment in this case as against Hall, on the ground that under the special finding of facts he is shown to be liable on the note sued upon for the unpaid balance thereof; that no direct injury was done to appellees or either of them by the lead-pencil figures which the plaintiff placed in the note.

There is virtually no argument or contention on the part of appellant to dispute the correctness of the court's conclusions of law upon the facts to the effect that she was not entitled to foreclose her mortgage against the mortgaged premises, as the same were owned and held by Hocker under his purchase from the mortgagor. As shown, the mortgage as recorded on its face disclosed that the principal indebtedness which it was executed to secure was only $1,308. Hocker, when he purchased the premises, had no

knowledge that the mortgage had not been correctly transcribed on the public records. He, as it appears, examined the record, and in good faith relied upon what it exhibited on its face in respect to the principal indebtedness secured by the instrument as recorded. He, under the agreement made with his grantor, was to take the conveyance of the land subject to the amount shown by the mortgage as recorded, and he settled with the grantor in respect to the purchase money accordingly. This principal amount, together with all interest, he paid to appellant before she instituted this action. That the court's conclusion, under the facts, as to the defendant Hocker was right, is beyond controversy, and is well settled by the decisions of this court. *Mechanics, etc., Assn.* v. *Whitacre,* 92 Ind. 547; *State, ex rel.,* v. *Davis,* 96 Ind. 539; *State, ex rel.,* v. *Davis,* 117 Ind. 307; *Gilchrist* v. *Gough,* 63 Ind. 576, 30 Am. Rep. 250; *State* v. *Fleming,* 124 Ind. 97.

As bearing upon the alleged alteration of the note made in respect to the rate of interest, the court finds that the contract or agreement between the plaintiff Mary A. Osborn and Douglass Hall at the time he obtained from her the loan of the principal sum—$1,380—was that the note executed therefor should bear interest at the rate of seven and one-half per cent. until paid, and not at the rate of eight per cent. The interest at the rate of seven and one-half per cent. until the maturity of the principal note, it appears, was settled between the parties by coupon interest notes, each being executed by the payor to the payee for $103.50, this amount being the interest for one year on $1,380 at seven and one-half per cent. The special finding further discloses that the lead-pencil figures "7½ were made without any intent to defraud, and without any intention to change the character of the obligation, but with the intention of changing the rate of interest as printed in said note to the rate of interest as agreed upon between the parties, and as expressed in the said several coupon notes."

Osborn *v.* Hall.

Counsel for appellant insist that, inasmuch as it appears that the alteration made by appellant in the note in regard to the rate of interest, by reducing the latter from eight, as expressed in the note, to seven and one-half, was made by her, not with the intent to defraud the maker of the note, but with the honest purpose or intent to make the instrument conform to the actual agreement or contract of the parties in respect to the rate of interest, under such circumstances the alteration, even though material, can not be held to vitiate the note, and thereby defeat appellant's right to recovery thereon. In the light of the authorities controlling the question, we are constrained to concur in this view of the case. The question as here presented may be said to be an open one in our jurisdiction, and, while it may be asserted that there is some conflict of authority, nevertheless we are of the opinion that the character of the case at bar is such that in reason it can not be said to fall within the rule which affirms that every material alteration made by the payee or holder of a note after its execution without the consent of the payor will vitiate or render such instrument void, even though the alteration was honestly made and may be in favor of the maker thereof.

We concede and affirm as a legal proposition that the payee or holder of a promissory note has no right or authority, without the consent of the maker or makers thereof, to make any material alteration of the note for the purpose of correcting any mistake that may have been made in the execution thereof, unless it is shown that the alteration or change is made to correct the note so as to make it conform to what all of the parties thereto agreed or intended it should have been. An alteration for such purpose and to such extent the great weight of authorities sanction, and hold that it may be made without destroying the legal effect of the note or instrument. The full probative force of the facts as found by the court establish that appellant was prompted to make the alteration or correction in the rate

of interest, as she did, by honest motives, and for the purpose or with the intent only to make the rate correspond to that which had been agreed upon by her and Hall, the maker of the note, at the time the latter obtained the loan. The rate of eight per cent., as expressed in the note, is apparently the result of a mutual mistake upon the part of both parties to the instrument. It appears by the finding that a blank note was used which contained the words printed therein, "with interest at eight per cent. per annum until paid." It would seem that the mistake in regard to the rate of interest was due to the inadvertence of the parties in omitting to change the printed word "eight," as it appeared in the blank note, to seven and one-half, the rate of interest upon which the parties had actually agreed. The following authorities fully sustain the proposition, under the facts in this case, that, even if the alteration can be said to have been material, it did not serve or operate to vitiate the note and thereby defeat appellant's right to a recovery thereon. *McRaven* v. *Crisler,* 53 Miss. 542; *Duker* v. *Franz,* 70 Ky. 273, 3 Am. Rep. 314; *Hervey* v. *Harvey,* 15 Me. 357; *Wallace* v. *Tice,* 32 Ore. 283, 51 Pac. 733; *Foote* v. *Hambrick,* 70 Miss. 157, 11 South. 567, 35 Am. St. 631; *Jackson* v. *Johnson,* 67 Ga. 167; *Ames* v. *Colburn,* 77 Mass. 390, 71 Am. Dec. 723; *Chamberlain* v. *Wright* (Tex. Civ. App.), 35 S. W. 707; *Clute* v. *Small,* 17 Wend. 238; *Derby* v. *Thrall,* 44 Vt. 413, 8 Am. Rep. 389; 2 Am. & Eng. Ency. Law (2d ed.), 211, 212; Daniel, Negotiable Inst. (5th ed.), §§1403, 1404; Randolph, Com. Paper, §1765, and authorities cited.

In *McRaven* v. *Crisler, supra,* Chalmers, J., in speaking for the court in regard to the alteration of the note in that case, used language forcible and to the point, saying: "It was but the correction of a mistake so as to conform the note to the intention of both the parties to it, and it was made in such manner as clearly to negative any fraud upon the

part of the payee, or any intention to obtain an advantage. That under these circumstances alterations in notes will not vitiate them, we think, is well settled. The only questions in such cases are, does the alteration actually conform to the true intention of both parties to the instrument, and was it honestly made to correct the mistake, and with no intent of procuring an advantage? Where these questions are answered in the affirmative, the law will presume or dispense with the assent of the maker of the note to its alteration." Citing authorities.

In *Ames* v. *Colburn, supra,* the date of the note in suit in that case had been altered by the payee in the absence of the maker, and without his knowledge, but without any fraudulent intent, and merely to make the date of the instrument conform to the facts. The date as altered was the day of the week and year which the parties supposed or intended to be the date of the execution of the note. The court in that case, in speaking in respect to the alteration in issue, said: "But as the arbitrator has found that it was made without any fraudulent intention, and merely to correct a mistake, and make the note such as both parties intended it should be and understood that it was, we are of opinion, upon the authorities, that the note was not vacated by the alteration, and that the plaintiff is entitled to judgment on the award."

In *Duker* v. *Franz, supra,* the date of the note as therein expressed was February 1, 1868. After the execution of the note this date was changed to February 1, 1869, which was the date upon which the note was executed. The court, in considering the alteration as made in the note in that case, said: "We agree that the holder of the note has no right to make an alteration to correct a mistake, unless to make the instrument conform to what *all parties to it agreed or intended it should have been;* but this much he can do without destroying the legal efficacy of the writing."

It follows, and we so conclude, that the court erred in stating its conclusions of law upon the facts found, to the effect that appellant was not entitled to recover against appellee Douglass Hall upon the note in suit. The judgment in favor of appellee Hocker is affirmed, otherwise it is reversed at the cost of appellee Hall, and the cause is ordered to be remanded to the lower court, with instructions to restate its conclusions of law upon the facts in favor of appellant and against said Hall, and to render judgment accordingly.

Hadley, J., did not participate in the decision of this case.