No. 9064.

STATE, EX REL. BROWNING ET AL., v. DIXON ET AL.

SHERIFF'S BOND.—*Damages.*—In a suit upon a sheriff's bond, for failure to levy, and failure to return an execution within the time required by law, the recovery is limited to nominal damages unless facts are averred in the complaint showing actual damages.

SAME.—*Pleading.—Execution.—Levy.—Verdict.—Evidence.—Supreme Court.*— When it is merely-alleged in one paragraph of complaint as the foundation for recovery, in a suit on a sheriff's bond, that the sheriff failed to return an execution for $1,110 in time, and in another, that he failed to levy the execution, one of the defendants thereto having sufficient property out of which it might have been satisfied, the recovery can only be nominal under R. S. 1881, sections 784, 786 and 787; but, under a paragraph alleging special injuries resulting from the failure to levy, sell and return, actual damages may be recovered, and under the last paragraph, if the evidence show two hundred dollars worth of personal property and real estate of uncertain value which might have been levied on but was not, and fail to show that any of it has been so squandered or lost as to defeat the lien, a verdict for $24.57 will not be disturbed by the Supreme Court, because it is too small.

SAME.—*Amount of Recovery.—Costs.*—In a suit on a sheriff's bond, where the recovery is less than $50, not having been reduced by set-off or counter-claim, the defendants should have judgment for costs.

From the Morgan Circuit Court.

*G. A. Adams, J. S. Newby* and *J. N. Sweetser*, for appellants.
*G. W. Grubbs* and *J. H. Jordan*, for appellees.

FRANKLIN, C.—Browning & Sloan sued Dixon and others on the official bond of Dixon, as sheriff of Morgan county.

The breaches alleged of the bond were a failure to return an execution within the time required by law, and a failure to levy upon and sell property. The answer was a denial, with an agreement that all defences might be given in evidence under the general denial. Trial by jury. Verdict for the plaintiffs for $24.57. Over a motion by plaintiffs for a new trial, judgment was rendered in their favor for the amount in the verdict.

Plaintiffs appealed to this court, and have assigned the following errors:

1st. Overruling the motion for a new trial.

2d. Rendering judgment for defendants for costs.

The reasons assigned in the motion for a new trial are:

1st. Error in the assessment of damages by the jury, the amount being too small.

2d. That the verdict is not sustained by sufficient evidence.

3d. That the verdict is contrary to law.

The principal question relied upon by appellants is that the amount of damages in the verdict is not large enough. And they first insist that under the breach of the bond, for a failure to return the execution within the time allowed by law, which breach was not controverted in the evidence, they were entitled to recover the full amount of their judgment specified in the execution, to wit, $1,110, and the interest thereon, without proving special injuries or damages; and in support of which they rely upon the 482d section of article 22, 2 R. S. 1876, p. 222, which reads as follows: "If any sheriff shall neglect or refuse to return any execution, as required by law, or shall make a false return thereon, he shall be amerced in such amount as he might and should have levied by virtue of the execution."

Appellants admit that, under the other breach of the bond, for failing to levy and sell, they could only, at most, recover the amount of the value of the property that might have been sold, not to exceed the amount necessary to satisfy the execution, as is provided for in the 481st section.

The word "levied," in the latter part of section 482, evi-

dently means collected, and would be more definitely understood if it read, "he shall be amerced in such amount as he might and should have *collected* by virtue of the execution."

This is the construction that has heretofore been placed upon this section by this court.

In the case of *Collier* v. *The State, ex rel.,* 10 Ind. 58, in the opinion by HANNA, J., the following language is used: "The defendants should have been permitted to give evidence of the insolvency of the execution defendant, for the purpose of showing the amount that the sheriff might probably have collected on the execution." In the case of *The State, ex rel.,* v. *Blanch,* 70 Ind. 204, this court held, NIBLACK, J., rendering the opinion, "That sections 482, 484 and 485 of the code, 2 R. S. 1876, p. 222, when construed together, have so far changed the common-law rule as to authorize a party in interest to maintain an action against a sheriff, either individually or upon his bond, for failing to return an execution, for such damages as such party may have sustained by reason of such failure; but that, to entitle the party to recover more than nominal damages, the facts upon which he relies for a recovery must be set forth in his complaint."

In the case at bar, appellants alleged no facts in the first paragraph of their complaint, in relation to any injury, except that the sheriff had failed to return the execution in time. And, in the second paragraph of their complaint, they allege no facts in relation to injury, except that the sheriff neglected to levy the execution, and aver that one of the execution defendants had sufficient property, out of which the debt might have been collected.

Under the foregoing rulings, upon these two paragraphs of the complaint, plaintiffs could only recover nominal damages, and, having recovered something, they can not complain that they did not recover more.

In the third paragraph of the complaint, special injuries are alleged in addition to the general allegations of failure to levy, sell and return. Under this paragraph, if the proof had sus-

tained it, appellants might have recovered more than nominal damages.

The judgment upon which the execution was issued was joint against William R. McCracken and Robert McCracken, and adjudged William to be principal and Robert to be security; and that the property of the principal be first exhausted. The execution went into the hands of the sheriff August 22d, 1876. On the 17th day of November, 1876, he received thereon $50, for which he accounted, and on the 22d day of November, 1876, he levied the execution upon property of the principal judgment defendant, of nearly sufficient value to pay the debt; that he advertised the same and offered it for sale on the 20th day of January, 1877. A part of it then failed to sell for want of bidders. It was re-advertised and sold on the 17th day of February, 1877. On that day, Robert McCracken, the other execution defendant, was declared insane by the court and placed under guardianship. The principal's property was sold for mere nominal prices, the most valuable part thereof being bid off by appellants, but not exceeding $50 was realized upon the execution. The security had been considered of unsound mind for some months before he was so declared by the court and placed under guardianship. The sheriff had called upon him for property under the execution, about the time he was adjudged insane, and, being unable to get any satisfaction from him, at the request of his son, the principal execution defendant, he made no effort to levy the execution upon the surety's property. The surety owned fifty-five acres of land and but very little personal property. The real estate was encumbered by delinquent taxes and liens of older judgments.

The evidence is conflicting as to the value of the surety's real estate, and his personal did not exceed $200.

There was no evidence tending to show that any of the principal's or surety's property was squandered or lost by the delay, so as to defeat the lien of the judgment and execution.

State, *ex rel.* Browning *et al.*, *v.* Dixon *et al.*

Notwithstanding the proof may not show any great amount of special damages arising from the sheriff's negligence in not levying and making an offer to sell the principal's property sooner, yet he was guilty of a palpable violation of his official duty in not levying and offering to sell within the sixty days required by the statute, unless otherwise directed by the plaintiffs or their agent. See 2 R. S. 1876, p. 205, section 433. And although the real estate and personal property might still remain subject to the liens of the judgment and execution, the sheriff would still be liable to the plaintiffs for any damages they may have sustained on account of his having neglected to levy, offer to sell and return the execution according to law. If he had entirely failed and neglected to make any levy, he would have been liable for the value of the property he might have levied upon and sold, not exceeding the amount named in the execution. Code of 1852, section 481.

The jury having fixed these damages at $24.57, we do not see anything in the evidence that would authorize this court to reverse the judgment of the court below, for the reason that the damages assessed were too small. The evidence tended to support the verdict of the jury, and there was no error in overruling the motion for a new trial.

The judgment for costs for appellee was right. The suit was upon a contract—an official bond. The amount recovered was less than $50, and was not reduced below $50 by set-off or counter-claim. See Acts 1879, p. 170.

There is no error in this record.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, at appellants' costs.