## CROMER ET AL. v. CITY OF LOGANSPORT.

### [No. 6,055. Filed October 24, 1906.]

1. TRIAL. — *Special Findings.* — *Facts.* — *Conclusions of Law.* — *Damages.*—A "conclusion of law" that all of the plaintiffs' merchandise damaged, as shown in the findings, was injured by reason of plaintiffs' placing it on the ground floor where they knew it would be damaged; that plaintiffs failed to use reasonable care in the prevention of such injury and that their subsequent negligence in failing to use such due care was the proximate cause of the injury, is in reality a finding of a fact. p. 667.

2. PLEADING. — *Complaint.* — *Amendment.* — *Refusal.*—*Harmless Error.*—It is harmless error to refuse an amendment to a paragraph of complaint where the relief sought by the amendment was granted under another paragraph. p. 668.

3. MUNICIPAL CORPORATIONS.—*Waters and Watercourses.—Collection and Discharge.—Damages.—Injunction.*—A municipal corporation is liable in damages for, and may be enjoined from, the collection of surface-waters and the discharge of same upon plaintiffs' lots to their damage.   p. 668.

4. DAMAGES.—*Aggravation of, by Injured Party.—Mitigation.—Evidence.*—A person injured by the negligence of another must use reasonable care to prevent the increase of damages caused thereby, the failure to use such care being matter in mitigation.   pp. 669, 670.

5. NEGLIGENCE.—*Contributory.—Mitigation.—Defense.*—Contributory negligence, when a proximate cause in an action for negligence, bars any recovery whatever; but where it only contributes to the aggravation of injuries after they are suffered, it becomes a matter in mitigation of damages only.   p. 669.

6. DAMAGES.—*Aggravation.—Contracts.—Torts.*—The rule that plaintiffs must use reasonable care to prevent any increase in damages caused by defendant's negligence, applies to actions on contract as well as in tort; and damages so caused must be borne by plaintiffs.   p. 669.

7. SAME. — *Aggravation. — Avoidance of.—Expenses.—Costs.*—Reasonable expenses laid out to prevent the increase of damages negligently caused by defendant are collectible from defendant.   p. 670.

8. SAME.—*Measure of.—Costs of Repair.*—In some cases the cost of repair of injuries caused by defendant's negligence is the measure of damages, subsequent, increased damages caused by plaintiff's failure to repair being chargeable to plaintiff.   p. 670.

9. SAME.—*Duty to Avoid Increase.—Notice.*—Knowledge of the injury on the part of plaintiff is necessary in order to establish the duty to avoid an increase of damages negligently caused, there being no requirement that plaintiff shall anticipate injuries, even though they are threatened.   p. 670.

10. TRIAL.—*Damages.—Aggravation of, by Plaintiff.—Defense.—Burden of Proof.*—The burden of showing plaintiffs' failure to use ordinary care to avoid the aggravation of damages caused by defendant's negligence, is on defendant.   p. 671.

11. SAME. — *Municipal Corporations.—Waters.—Collection and Discharge.—Special Findings.*—Special findings, in an action against a municipal corporation for damages for the collection and discharge of water upon plaintiffs' lots, showing that de-

Cromer *v.* City of Logansport—38 Ind. App. 661.

fendant wrongfully collected and discharged waters upon such lots and caused certain damages; that plaintiffs placed the property injured upon such lots knowing that it would be injured if it remained and that it could have been removed and the damages avoided, are not sufficient for the Appellate Court to determine accurately whether judgment for such damages should have been awarded. p. 671.

12. TRIAL.—*Municipal Corporations.—Waters.—Damages.—Decrease of Rental Values. — Special Findings. — New Trial. —* Where the special findings, in an action against a municipal corporation for damages for the collection and discharge of water upon plaintiffs' lots, show that great and recurring injury was done to such lots for several years; and damages were awarded only for injury to certain personal property upon such lots, a motion for a new trial should be sustained in order that the court could properly find the damages sustained to the lots. p. 672.

13. INJUNCTION.—*Municipal Corporations.—Nuisance.—Waters. —Decree.—Time Granted to Abate.—*A decree entered in March giving eight months to a city to remedy defects in its street grading and guttering so as to prevent the collection and discharge of water upon plaintiffs' lots, is too lenient. p. 672.

From Cass Circuit Court; *John S. Lairy,* Judge.

Suit by Robert Cromer and another against the City of Logansport. From a decree for plaintiffs for less than their claim, they appeal. *Reversed.*

*Frank V. Guthrie* and *Nelson, Myers & Yarlott,* for appellants.

*John W. McGreevy* and *McConnell, Jenkines, Jenkines & Stuart,* for appellee.

BLACK, J.—The appellants, as owners of certain real estate in the city of Logansport, sued the appellee to recover damages for injury caused by water which the city by its grading and construction of streets brought to said real estate, for which it failed to provide an outlet, whereby it overflowed the real estate of the appellants, and also to obtain an injunction to prevent the continued recurrence

of such injury, the complaint being filed September 5, 1903.

There were two paragraphs of complaint and an answer in denial. The court rendered a special finding of facts, the appellants excepting to the conclusions of law.

The court found, in substance, that the appellants since March 8, 1897, had been the owners in fee of the real estate in question, upon which they had erected two build-. ings, in which for the past six years they had conducted the business of manufacturing tiling, and the storage and sale of cement, hay, etc., the business being owned by the appellants and conducted by one of them as manager; that the real estate is a triangular piece of ground, the southwest line of which is 4,800 feet in length, curving with the right of way of a railroad named, the north line extending east and west 420 feet, and the east line extending north and south 256 feet; that on and prior to November 18, 1896, there was a large gravel pit in the western portion of the real estate, extending into West Broadway, a street which extended east and west across the real estate of the appellants, north of the portion thereof on which their said business was conducted.

It was shown that Wilkinson street extended along the east side of said real estate, crossing West Broadway; that twenty years or more before the time of the trial the city established grades of these and a number of other streets named and intersecting alleys, east and north of said real estate, and the same were improved from year to year, by which grades and improvements the water was caused to flow from the streets until it gathered in a body at the corner of Wilkinson and West Broadway, and thence it flowed west along West Broadway, emptying into the gravel pit, the grade and improvement of the last-named street west of Wilkinson street being such as to cause the water so to flow and empty, without injury to the property of the appellants; and the water continued so to flow until the

winter or spring of 1897 or 1898. It was shown that November 18, 1896, the common council of the city so changed the grade of West Broadway from Wilkinson street as to cause the flow east from the railway to the street last named and to prevent the flow westward of the water accumulating at the crossing of West Broadway and Wilkinson streets, and about five or six years before the trial the city improved the street, sidewalk and gutters to conform to the grade thus changed, by raising the same from Wilkinson street westward, and thereby entirely stopped the flow westward of the water so accumulating at said crossing. The proceedings of the common council were set out, showing its action in this behalf; and it was found that the city, at the time when it changed the grade of West Broadway west of Wilkinson street did not, nor did it afterward, make any provision for the disposition of the water which accumulated at the corner of those two streets, and provided no outlet for its discharge, and never assessed or tendered to the appellants or their grantors any damages by reason of the change in the grade and the flow of the water, nor took any steps to protect the premises of the appellants from the flow of water; "and it is found that the action and proceedings of said city were wrongful." It was found that after the improvement had been made by the city in raising the grade west of Wilkinson street, on West Broadway, ordinary rains of one or two hours' duration caused great accumulation of water at West Broadway and Wilkinson streets, so that the streets, gutters and sidewalks were overflowed, the water sometimes standing a foot deep therein; and the water thus accumulating flowed south on Wilkinson street for half a block to an alley which extended westward from that street across the real estate of the appellants, and thence flowed with great force westward through the alley and on and over the premises of the appellants, spreading over the same and flowing into the buildings thereon, south of the alley, carrying debris and

sediment of the streets thereon "and causing considerable and severe injury and damage to the plaintiffs' premises and merchandise kept and used in the business. It is found that this injury and damage is a recurring one and liable to occur after ordinary rains of one hour or two hours' duration, and the plaintiffs have frequently complained to the mayor and other officers of the city of the injury thus sustained, and were told in response that the city could do nothing, and were refused any redress." It was found that in the year 1897 the appellants suffered "injury and damage to the stock of merchandise, by reason of the flow of water herein found, in the sum of $100 ;" that in the year 1898 they suffered "injury to their personal property in the sum of $150 ; that in the year 1899, from like cause, in the sum of $100 ; in the year 1900, from like cause, $200 ; in 1901, from like cause, $150 ; in the year 1902, from like cause, $250, and in the year 1903, from like cause, $100 ; that the cement damaged was in sacks and placed on the cement floor, which was on a level with the surface of plaintiffs' lot; that the cement was so placed by the plaintiffs, knowing that it would be injured if permitted to remain there, and that it could have been removed and damages avoided." It was further found that the lands of the appellants, at the point where the alley discharges the water thereon, is below the grade of Wilkinson street, and the city has failed to furnish any outlet for the water so discharged; that the grade of the railroad where it crosses Wilkinson street (at the south end of the land of the appellants) is twenty-two inches higher than the grade of that street at the alley where the water is discharged upon the property of the appellants; that there is no culvert under the railroad on that street for the purpose of affording an outlet, and before the water could seek an outlet on that street it would be standing twenty-two inches above the grade of that street at the alley where the water is conducted upon the property of the appellants; that at the point

where the alley discharges the water upon the lands of the appellants, they are practically on a level with the alley, and thence they slope gradually downward to the southwest to the railroad right of way, and the railroad company thirty years before the trial had constructed a culvert under its tracks, on the southwest side of the lands of the appellants, for its own use; and all the water discharged from said alley would pass over and across said lands before it would pass through said culvert; that the railroad embankment forming the southwest boundary line of the property of the appellants is considerably higher than said lands; that in recent years this culvert has become stopped up by reason of the widening by the railroad company of its grade and roadbed, so that the water is impeded in flowing through.

The court stated, as its conclusions of law upon the foregoing facts, that "the law is with the plaintiffs, and I find for the plaintiffs on the first paragraph of complaint, and that their damages be assessed at the sum of $100, and that the defendant, the city of Logansport, should be perpetually enjoined from permitting the water to flow through said alley on the lands of the plaintiffs."

Afterward the court stated, as "amended conclusions of law," the following: "The court finds as the law that all the merchandise injured and damaged as herein found from the year 1898 to the year 1903, both inclusive, was injured and damaged by reason of the plaintiffs' placing said merchandise upon the ground floor, at the place where the plaintiffs knew before placing the same that the merchandise would be damaged and destroyed, if allowed to remain where it was placed; that plaintiffs failed to use reasonable care, under all the circumstances, to prevent said injury; and that their subsequent negligence and failure to use such care became the proximate cause of the injury."

This expression of afterthought by the court, so far as it contained statements of sufficient definiteness and direct-

ness, constituted a further finding of matter of fact, rather than conclusions of law. The real and effectual conclusions of law were that the plaintiffs under their first paragraph of complaint were entitled to an injunction, and were entitled to recover damages in the sum of $100, the amount of the damage to merchandise in the year 1897, thus omitting any damages for the subsequent years, in each of which damage in amount stated in the findings was suffered the same in kind as that found to have been suffered in 1897.

At the conclusion of the evidence, and before the rendition of the special findings, the appellants moved in writing to be permitted to amend the second paragraph of their complaint, by inserting therein, at what place was not stated, the words, "without fault or negligence on the part of the plaintiffs." The first paragraph contained a denial of negligence on the part of the appellants, but such an averment was not contained in the second paragraph. The court manifestly regarded and treated the first paragraph, on which it found for the appellants, as sufficient for the recovery of damages for all the injuries found which were not found to be attributable to contributory fault of the appellants. In its finding it treated the first paragraph as being as available in this regard as the second paragraph would have been if the amendment were permitted. So, aside from the consideration of the court's large discretion as to amendments, the appellants practically suffered no detriment from the overruling of this motion.

As to the liability of the city for damages arising from its failure to provide an outlet for the surface-water accumulated through its street improvements from a large extent of territory and brought to one locality, to which without such improvements it would not have come, and as to the right of the landowner to be protected by injunction from future recurrent injury from

such continuing cause, there can be no doubt, and in this appeal by the plaintiffs, in whose favor such remedies were provided by the court, no question as to such right and obligation is made; the purpose of the appeal being solely to seek a determination of the question as to the amount of damages, raised by their exception to the conclusions of law and by their various motions herein mentioned.

One who has been injured, either in his person or in his property, by the negligence or misconduct of another, is under obligation to do whatever he may do reasona-

4. bly to prevent the increase of damages. His negligence which does not operate to cause the injury, but which merely adds to the damage resulting therefrom, is not a bar to the action, but it will have the effect of diminishing the damages, or go in mitigation thereof. Only such portion of the damages as may be directly attributable to the plaintiff's failure to perform his duty in the premises should be deducted from the damages as a whole.

As a general rule, when contributory negligence constitutes a defense, it is a complete defense to the action and bars a recovery of any amount; but when the negli-

5. gence of the plaintiff contributed, not to cause the injury, but only to aggravate it, the injury produced by the plaintiff's negligence being separable from that produced by the defendant's wrong, the defendant should be held liable only for such portion of the entire damage as was produced by his negligence. The rule is applicable both in contract and in tort. The duty.

6. of using ordinary and reasonable care and diligence and making reasonable expenditures within his ability rests upon a person injured by another's tort or breach of contract; and so far as the injury is unnecessarily enhanced by the negligence or wilfulness of the injured party, the damages which might have been avoided by the performance of his duty in this respect will fall to him to bear. Where the performance of the injured party of such

duty of cutting down the damages involves labor or expense, the party responsible for the injury is chargeable with such reasonable cost. In some cases the amount of the reasonable expense, not actually incurred, of restoring the loss originally, will measure the recovery of the injured party, though, by reason of delay, such expense has increased; as, where a defendant had obstructed the plaintiff's drain, and the plaintiff could have indemnified himself for $25, but by delay in making repairs the damages amounted to $100, it was held that the plaintiff could recover only $25. *Lloyd v. Jones* (1888), 60 Vt. 288, 13 Atl. 638.

Knowledge on the part of the injured party is an important and necessary element of his responsibility in this regard. He is not required to anticipate that the wrong will be committed, even though it has been threatened by the wrongdoer, or to forego the lawful use of his premises. It is sufficient for the injured party to exercise ordinary care and diligence in preserving his property after he has knowledge of the wrong.

There are very many cases illustrating and applying the rule relating to the duty of the injured party to exercise in good faith ordinary and reasonable care and diligence to reduce the damages. Among them are the following: *Chase* v. *New York Cent. R. Co.* (1857), 24 Barb. 273; *O'Neill* v. *New York, etc., R. Co.* (1887), 45 Hun 458; *Gilbert* v. *Kennedy* (1871), 22 Mich. 117; *Hopkins* v. *Sanford* (1879), 41 Mich. 243, 2 N. W. 39; *Wright* v. *Illinois, etc., Tel. Co.* (1866), 20 Iowa 195; *Simpson* v. *City of Keokuk* (1872), 34 Iowa 568; *Allender* v. *Chicago, etc., R. Co.* (1873), 37 Iowa 264; *Davis* v. *Fish* (1848), 1 G. Greene (Iowa) 406, 48 Am. Dec. 387; *Douglass* v. *Stephens* (1853), 18 Mo. 362; *Sherman Center Town Co.* v. *Leonard* (1891), 46 Kan. 354, 26 Pac. 717, 26 Am. St. 101; *Cargill* v. *Thompson* (1894), 57 Minn. 534, 59 N. W. 638; *Reynolds* v. *Chand-*

*ler River Co.* (1857), 43 Me. 513; *Sutherland* v. *Wyer* (1877), 67 Me. 64; *Plummer* v. *Penobscot Lumbering Assn.* (1877), 67 Me. 363; *Loker* v. *Damon* (1835), 17 Pick. (Mass.) 284; *French* v. *Vining* (1869), 102 Mass. 132, 3 Am. Rep. 440; *Board, etc.,* v. *Arnett* (1889), 116 Ind. 438; *Summers* v. *Tarney* (1890), 123 Ind. 560; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12; *Wabash R. Co.* v. *Miller* (1897), 18 Ind. App. 549, and cases there cited. See, also, Sutherland, Damages (3d ed.), §§88 *et seq.,* 1055; Beach, Contrib. Neg. (3d ed.), §69; Thompson, Negligence (2d ed.), §199 *et seq.;* 1 Shearman & Redfield, Negligence (5th ed.), §95; 2 Shearman & Redfield, Negligence (5th ed.), §741.

In cases involving the question as to duty of the plaintiff to cut down the damages, whether in contract or in tort, or whether for personal injury or for injury to property or estate, the existence of fault in this 10. respect on the part of the plaintiff, with the extent to which it contributed to his loss as a whole, constitutes matter of defense, and the burden of proof is upon the defendant. *City of Goshen* v. *England* (1889), 119 Ind. 368, 5 L. R. A. 253; *Terre Haute, etc., R. Co.* v. *Sheeks* (1900), 155 Ind. 74; *Citizens St. R. Co.* v. *Hobbs* (1896), 15 Ind. App. 610; *City of Columbia City* v. *Langohr* (1898), 20 Ind. App. 395; *Dunn* v. *Johnson* (1870), 33 Ind. 54, 5 Am. Rep. 177.

In view of the statements of the court relating to the conduct of the appellants with reference to the damage to merchandise in the year 1898 and succeeding years, 11. it would be impossible for us to determine that the court erred in failing to conclude that the appellants were entitled to damages for such losses. So, also, we cannot hold that there was error in overruling certain motions of the appellants for judgment in their favor for damages in such sum as would include damages for such losses in those years.

Cromer *v*. City of Logansport—38 Ind. App. 661.

A motion of the appellants for a new trial was overruled. The court in its finding stated a strong case of continuing injury extending through many years. It was found that ordinary rains of one or two hours' duration caused great accumulation of water, so that the streets, gutters and sidewalks were overflowed, and the water thus accumulating flowed with great force through the alley and on and over the premises of the appellants, spreading over the same and flowing into the buildings thereon, carrying debris and sediment of the street thereon, "and causing considerable and severe injury and damage to the plaintiffs' premises and merchandise kept and used in the business;" and that this injury was a recurring one; yet no damages were awarded for damage to the premises, and the only damages awarded were given for injury to certain cement in one of the years during which the wrong was continued. There appears to have been evidence of the amount of diminution in the rental value of the premises caused by the nuisance. The nuisance appears to have continued during all the period in which the appellants had carried on their business. The damages given in the sum of $100 were awarded for injury suffered in the first year of their ownership of the property, so that it was impossible by comparison to show loss of profits occasioned by the wrong. The court should have found from the evidence before it some amount of damages referable to the great injury to the premises mentioned in the finding.

Another matter deserves attention. As a part of its judgment, rendered in March, 1905, the court ordered the city to remedy the defects in the street grading and guttering within eight months thereafter, and to so much of the judgment as extended the time eight months for remedying such defects so as to avoid the overflow of the water, such "clemency" being granted over the objection of the appellants, they excepted. We cannot

discover in the record any sufficient reason for granting such indulgence. The court should have caused the abate-ment of the nuisance more promptly.

Judgment reversed and cause remanded, with instructions to grant a new trial, and to grant the appellants leave, if asked, to amend their complaint.