EDGAR STEPHENS, Appellee, v. JOHN G. BRILL, Appellant.

Instructions: SUBMISSION OF ISSUES: ADOPTION OF PLEADINGS: PREJUDICE. It is the duty of the court in submitting a cause to state the issues plainly and concisely, regardless of the language of the pleadings; but if in doing so the court adopts the pleadings, where they are concise and clear, the party whose pleading is thus adopted is not in position to urge the action of the court in so doing as ground for new trial.

**Same:** MISLEADING INSTRUCTIONS. Where the court, in an action for the price of a horse defended on the ground of breach of warranty, instructed as to the claim made by defendant in his answer, a further instruction that the burden was on defendant to show that the animal was warranted substantially as alleged in his answer was not objectionable as referring the jury to the pleadings, but should be construed as a reference to the pleading as set forth in the previous charge.

**Same:** BREACH OF WARRANTY: EVIDENCE. A warranty that a horse is merchantable is breached by proof that the animal is vicious.

**Same:** SUBMISSION OF ISSUES. Where the defendant pleaded a warranty of the soundness of an animal sold, and a breach of the warranty, he was in no position to complain that the court submitted the issue, where there was evidence in its support and he made no request for its withdrawal.

**Same:** INSTRUCTIONS: BURDEN OF PROOF: PREJUDICE. Where the issue was whether a horse was sold under a warranty, and there was evidence that the auctioneer announced that all horses sold must be tried on the premises before taken away, and also that there was no warranty, an instruction that if the auctioneer made such announcements and if there was no warranty the jury must find for the seller, cast upon him a greater burden than the law imposes, and the buyer was in no situation to complain of the same. And even though the issue submitted by the instruction was wholly outside the pleadings, it was not calculated to prejudice or mislead the jury, so that the instruction was not for that reason prejudicial.

*Appeal from Sac District Court.*—HON. F. M. POWERS, Judge.

TUESDAY, APRIL 8, 1913.

THIS is an action to recover the purchase price of a horse sold at auction. The defendant pleaded a warranty and breach thereof and a rescission of the contract of purchase on account of such breach of warranty. Upon trial to a jury, there was a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Chas. D. Goldsmith,* for appellant.

*Elwood & Stanfield* and *Malcolm Currie,* for appellee.

EVANS, J.—The defendant purchased at an auction sale a certain three year old colt, the property of the plaintiff, for $102. As indicated by the record, the auction sale was one of a series conducted at Sac City by an auctioneer, Lookingbill, whereby he offered and put up for sale the property of various owners who chose to employ his facilities for that purpose. It is the contention of the defendant that the auctioneer warranted the horse as follows: ''The said auctioneer, in the presence and hearing of the said plaintiff, represented, warranted, and declared that the said horse was merchantable and sound in every respect; that he was tractable, docile, kind, free from vice, well broken to hitch, and drive in both single and double harness, and that he was not afraid of and would not shy at automobiles; that defendant relied upon the representation and declarations as being true, and, believing them to be true, made his bid of $102 as stated and received the horse on such conditions.'' He pleaded also breach of such warranty and averred also that, because of such breach, he immediately returned the horse to the place where he received him and notified the auctioneer and the plaintiff of his refusal to keep him. The plaintiff denied the alleged warranty. The principal emphasis of the defendant's complaint as made upon the trial was that the horse was vicious and would not drive single. The case is submitted here on four exceptions.

I. Appellant's first complaint is that the trial court failed to submit the issues to the jury in a concise form, and that its statement of the issues was in substance a copy of the pleadings. This complaint has reference only to the allegations of the defendant's answer, alleging warranty and breach thereof. There was no controversy over the allegations of the petition nor any denial thereof. It is

1. INSTRUC-
TIONS: sub-
mission of is-
sues: adop-
tion of plead-
ings: preju-
dice.

true that, in stating the contention of the defendant by way of affirmative defense, the trial court followed quite closely the allegations of his answer. We have heretofore held that it is improper to refer the jury to the pleadings to ascertain

the issues. *Lindsay v. Des Moines,* 68 Iowa, 368. We have also criticised the practice of copying the pleadings into the instructions with unnecessary fullness. We have held also that where the pleadings themselves are concise, as they ought to be, the language thereof may be followed in the instructions. *McDivitt v. Railway Co.,* 141 Iowa, 696; *Canfield v. Railway Co.,* 142 Iowa, 658. This latter holding is peculiarly appropriate where the pleadings adopted in the instruction are those of the complaining appellant. We shall be slow to hold in favor of an appellant that his own pleadings were too prolix and involved to be fairly adopted in the instruction of the court. The error, if any, at such point should ordinarily be deemed as prejudicial to the opposing party and not to the party whose pleadings were adopted. In the case before us the allegations of the answer appear to be reasonably concise. Indeed, the appellant does not contend otherwise. The purport of his argument is that, because the court adopted his exact language, a rule was thereby violated which entitled him to a new trial. It is the duty of the trial court to make the issue as plain to the jury as practicable, regardless of whether the language of the pleadings does so or not. If the pleadings themselves do this in a concise way, there is no reason why the court should avoid them.

II. The trial court instructed the jury that the burden was upon the defendant to prove that the horse was "warranted substantially as stated in defendant's answer." The

2. SAME: misleading instructions.

expression here quoted was also used in other instructions. Appellant contends that the effect of the instruction in this form was to refer the jury to the pleadings in violation of the rule already referred to. It must be borne in mind, however, that the trial court had in a previous instruction advised the jury as to what the claim of the defendant's answer was. We think the jury could not fail to understand that the expression complained of had reference to the allegation of the answer as previously set forth by the court in its instructions.

III.   It will be noted that the  answer of the defendant
pleaded that the horse was warranted by the auctioneer to be
"merchantable and sound in every respect." The defendant,
as a witness, did not testify in support of this
allegation.  The testimony of the defendant
in support of the alleged warranty was as fol-
lows:  "I says, 'Is this horse broke?' to Mr. Lookingbill, and
he says, 'Yes, he is broke single and double and guaranteed to
go and he would not be afraid of automobiles.' " Because of
this testimony of the defendant, it is now contended that the
court erred in submitting to the jury the issue of an alleged
warranty that the horse was "merchantable and sound."
Whether the horse was "merchantable" or not was a question
which inhered somewhat in his character as to docility or
viciousness.  If he was as vicious as the defendant contends,
then the defendant might also contend that he was not "mer-
chantable" on that account.

3. SALES : breach
of warranty:
evidence.

Whether the horse was "sound," or was warranted as
sound, was a somewhat different proposition.  The defendant
himself could have withdrawn the allegation, and ought to
have done so if he thought that its submission
would be prejudicial to him.  In view of the
defendant's testimony, the trial court could
have withdrawn the issue from the jury and perhaps ought
to have done so in protection of the right of the plaintiff.  But
the defendant, by the introduction of other testimony, made a .
confusing record at this point.  He called the auctioneer, Look-
ingbill, as a witness, who testified as follows: "When we have
these sales we have anybody bring stock there that wants to.
When we are selling out our own property, we stand back of
our guaranty, and we always make that statement.  But when
other people's property is led into the ring, they must stand
back of their own guaranty, and that all property must be
settled for before removal from the premises, and that all
animals must be tried before they leave the premises, if the
purchaser wants a trial, where they are hitched, especially
horses, and they must be as represented, and they must be

4. SAME : sub-
mission of
issues.

tried on the farm. On the 29th of September, 1911, Mr. Stephens brought a bay three year old colt and we put him on the block and sold him. Mr. Brill was the last man and he bid $102 and was sold for that. I think I called Mr. Stephens off. We got up and around $90. I think he stopped at $90 or $95, and I says, 'Mr. Stephens, what is wrong with this colt? Isn't he sound, is he well broke, or what is the matter with him?' He says then, 'This colt has been hitched two or three times double and once or twice single and is well broke to work on the plow. I have worked him on the disc and on the plow on the farm,' and those are exactly the statements of Mr. Stephens. I did not say that 'I guaranteed the colt to drive single or double.' I think Mr. Stephens said that he would guarantee that the colt had been driven single two or three times and that he was not afraid of automobiles. I only said that he had been hitched single two or three times." The witness Mason testified: "I remember what they said when the horse was sold. They said he was serviceably sound and they would guarantee him to drive single and double." Another witness for the defendant testified that the horse had a "wire cut" in his foot and another that he was "blemished." This testimony had some tendency to support the allegation of warranty of soundness, even though the defendant himself did not as a witness testify to it. The defendant had it at all times within his power to withdraw it from the jury by a simple request to that effect, and he is in no position to complain because the trial court solved the doubt in favor of his pleading and submitted the issue as he made it.

IV.   The trial court instructed the jury that if "it was announced by the auctioneer that all horses sold at said sale must be tried upon the premises before being taken away, and that there were no words of warranty used 5. SAME: instructions: burden of proof: prejudice. either by the owner of the horse or the auctioneer making the sale, and that the horse was not so tried, then you should find for the plaintiff." Complaint is directed to the first part of this

quoted instruction, because it submitted an issue to the jury which was not made by the pleadings. This part of the instruction, as will be noted, was based upon testimony of the auctioneer, which we have already quoted. Appellant's contention is doubtless correct that the pleadings tendered no issue at this point and that the statement of the auctioneer as a witness should not have been submitted as an issue. It will be noted, however, that this statement of the issue was coupled with another, and that it was prejudicial only to the plaintiff and could not be prejudicial to the defendant. This instruction laid upon the plaintiff the burden of showing not only "that there were no words of warranty used," but also that it was announced that "all horses sold in said sale must be tried upon the premises before being taken away." It is clear that, if no words of warranty were used, the plaintiff was entitled to a verdict regardless of whether a trial must be had upon the premises or not. In order to find for the plaintiff upon this instruction, the jury necessarily found that no words of warranty were used, and, if they found more, it was quite immaterial, and the defendant could not be prejudiced. If the issue thus erroneously submitted had been of a nature calculated to prejudice the jury in that it was inflammable or scandalous, a different question would be presented. The same would perhaps be true if such false issue fairly tended to divert the attention of the jury from the real issue and controversy. The evidence upon which the instruction was based was introduced by the defendant himself, and this fact is not lost sight of in holding the same to be nonprejudicial.

The foregoing comprise the principal questions presented for our consideration. A motion for a new trial was filed and overruled. In support of such motion, it is argued that the merits of the case were clearly with the defendant. From reading the entire evidence, we are impressed that the general merits of the case were with the plaintiff.

The judgment below must therefore be *Affirmed.*