STATE OF INDIANA, EX REL. FENSTERMACHER, *v.* McNELIS ET AL. .

[No. 9,669. Filed April 3, 1919. Rehearing denied June 24, 1919. Transfer denied January 14, 1920.]

1. APPEAL.—*Review.—Briefs.—Sufficiency.*—Where the sole ground presented for reversal is the overruling of a motion for new trial, propositions or points stated in appellant's brief relating to action of the trial court with reference to instructions and the reception of evidence are made sufficiently definite by referring by number to each particular instruction which it is claimed was erroneously given or refused, and by stating the name of the witness and character of the evidence alleged to have been improperly admitted or rejected, to present the alleged errors thereon for determination on appeal; since all questions thereon necessarily arise under the action of the court in overruling the motion for new trial. p. 235.

2. JUSTICES OF THE PEACE.—*Action on Bond.—Real Party in Interest.*—The judgment creditor is the real party in interest in an action on the bond of a justice of the peace for loss of lien occasioned by a negligent preparation of transcript of judgment, the state being but a nominal party. p. 236.

3. OFFICERS.—*Bonds.—Sureties.—Rights When State Is Nominal Party.—Instructions.*—In an action on an official bond wherein the state is a nominal party only, an instruction on suretyship is proper, as §9117 Burns 1914, §5534 R. S. 1881, providing that, as between sureties on an official bond and the state, such sureties shall be deemed and taken as principals, is inapplicable when the state is not the real party in interest. p. 236.

4. OFFICERS.—*Bonds.—Nature of Action.—Principal and Surety.*—A suit on an official bond is an action on contract within the meaning of §1269 Burns 1914, §1212 R. S. 1881, permitting the determination of the question of suretyship. p. 236.

5. JUSTICES OF THE PEACE.—*Bonds.—Sureties.—Action by Relator. —Instructions.—Officers.*—In an action on the bond of a justice of the peace on the relation of a judgment creditor, an instruction defining the liability of one of the defendants as that of a surety

State, ex rel. *v.* McNelis—72 Ind. App. 231.

only, and informing the jury of the nature thereof, was proper, in view of §823 Burns 1914, §780 R. S. 1881. p. 236.

6. APPEAL.—*Invited Error.— Instructions.— Pleading.— Officers.— Justices of the Peace.*—In an action on the official bond of a justice of the peace, relatrix cannot complain on appeal on account of the giving of instructions defining negligence and ordinary care, upon the ground that the action is on contract and want of negligence could not excuse error in the preparation of a transcript, where the issue of negligence was invited by relatrix by allegations that the transcript was negligently prepared. p. 237.

7. JUSTICES OF THE PEACE.—*Action on Official Bond.—Contributory Negligence.—Instructions.*—In an action on the bond of a justice of the peace, where it was alleged that the justice had negligently prepared a transcript of a judgment, instructions on contributory negligence are proper. p. 239.

8. OFFICERS.—*Liability.—Cause of Injury.*—No recovery can be had against an officer for a result complained of which would have followed notwithstanding his misconduct, nor if the injured party himself contributed to such result, in any degree, by his own fault or neglect. p. 239.

9. JUSTICES OF THE PEACE.—*Transcript of Judgment.—Right of Judgment Creditor.*—A party recovering judgment before a justice of the peace has a right to demand that the justice furnish a certified transcript thereof, upon the payment of the statutory fee therefor, under §1726 Burns 1914, §1438 R. S. 1881. p. 239.

10. JUSTICES OF THE PEACE.—*Transcript of Judgment.—Duty to Furnish.—Liability on Bond for Failure.*—Furnishing a transcript of judgment by a justice of the peace is a ministerial duty, for the failure to discharge which, there would be a liability on his official bond given under §1707 Burns 1914, §1421 R. S. 1881, if such failure were the proximate cause of damage to the judgment creditor. p. 239.

11. APPEAL.—*Instructions.—Briefs.—Failure to Set Out Pertinent Evidence.—Presumptions.—Searching the Record.*—Where neither the brief of appellant nor appellee contain a statement of the evidence necessary to be considered in determining the questions raised upon an instruction given, and where appellant's brief discloses that there was such evidence, the court on appeal is not required to consider such instruction, as it will not search the record in quest of error. p. 241.

12. JUSTICES OF THE PEACE.—*Furnishing Incorrect Transcript.— Duty of Judgment Creditor Upon Discovery.—Action on Bond.— Instructions.—Damages.—Duty to Minimize.*—Where the judgment creditor discovered that the justice of the peace had failed

State, ex rel. *v.* McNelis—72 Ind. App. 231.

to furnish her a correct transcript of the judgment it was incumbent upon her to use all proper and reasonable care to protect herself, by using the means the law provided for the collection of the judgment, in view of the principles requiring a party to use all reasonable diligence to make his damages as light as possible, and therefore an instruction, in an action on the bond of the justice, relating to relatrix' right of recovery in the event the jury found that, before bringing the action, relatrix either did not order execution levied upon the property of the judgment debtor, or, if she did, that it was with instructions to the constable to make no demand thereon nor any search for property of the debtor, was properly given. p. 242.

13. APPEAL.—*Harmless Error.—Measure of Damages.—Instructions.*—Any error relating to the measure of plaintiff's damages contained in an instruction thereon would be harmless where the jury found for the defendants. p. 243.

14. APPEAL. — *Instructions. — Refusals Covered by Instructions Given.*—It is not error to refuse to give an instruction that is fully covered by one given. p. 243.

15. APPEAL.—*Instructions.—Applicable to Evidence.*—It is not error to refuse to give instructions that incorrectly state the law when applied to the evidence. p. 243.

16. APPEAL.—*Instructions.—Briefs.—Statement of Evidence.—Presumptions.*—The Appellate Court cannot determine that it was error to refuse an instruction that a judgment was valid when the briefs fail to disclose the contents of the judgment, and in such case the presumption will be in favor of the action of the trial court. p. 243.

17. EVIDENCE.—*Of Absence of Party.—Admissibility.*—Where a party to the suit did not appear to testify at the trial, evidence that he was critically ill was admissible to explain his absence. p. 244.

18. APPEAL.—*Review.—Harmless Error.*—It is unnecessary to discuss the merits of a contention when it is evident that in any event the trial court did not commit reversible error. p. 244.

19. APPEAL.—*Review.—Harmless Error.—Evidence.*—As a general rule, the erroneous admission of immaterial evidence is not reversible error. p. 244.

20. APPEAL.—*Waiver.—Briefs.—Points.—Reasons for New Trial.*—Appellant waives reasons contained in the motion for new trial by failing to make specific reference thereto in his propositions or points, as required by the rules governing the preparation of briefs. p. 245.

From Marion Superior Court (93,977); *Theophilus J. Moll*, Judge.

Action on official bond by the State of Indiana, on the relation of Maria Fenstermacher, against Patrick H. McNelis and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*A. W. Fenstermacher* and *C. E. Fenstermacher*, for appellant.

*Adolph Emhardt* and *Pickens, Moores, Davidson & Pickens*, for appellees.

BATMAN, P. J.—This is an action by appellant against appellees on the official bond of appellee Mc-Nelis, as justice of the peace. The complaint is in a single paragraph and alleges in substance, among other things, that the relatrix recovered a judgment before said McNelis, as justice of the peace, against one Edgar Garringer for the possession of certain real estate and $117 damages for the unlawful detention thereof; that after the rendition of said judgment the relatrix requested said McNelis to prepare for her a transcript of said judgment and paid him the fee which he charged therefor; that said McNelis prepared a document as and for said transcript, but carelessly and negligently inserted therein the name Edgar Garrigan instead of the name Edgar Garringer as the judgment defendant; that he certified to the document as a true and correct transcript of said judgment, and delivered the same to the relatrix; that the relatrix without knowledge of such error filed the same in the office of the clerk of the Marion Circuit Court; that at the time said purported transcript was so filed said Edgar Garringer was the owner of certain real estate in Marion county, Indi-

ana; that he thereafter sold and conveyed the same to an innocent purchaser for value, and since said sale and conveyance has not had any property subject to execution; that on account of the negligence of said McNelis, the relatrix has been damaged in the sum of $200 without fault on her part. Each appellee filed an answer in general denial, and the appellee company also filed a cross-complaint in which it alleged suretyship, and asked that, in the event judgment was rendered in favor of appellant, the execution be levied on the property of said McNelis before resorting to its property. The cause was tried by a jury, which returned a verdict in favor of appellees and on which judgment was duly rendered.

Appellant filed a motion for a new trial, alleging s reasons therefor that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, and that the court erred in giving and refusing to give certain instructions and in the admission and exclusion of certain evidence. Appellant presents the overruling of this motion as the sole ground for a reversal of the judgment of the trial court. Appellees insist that appellant has failed to present any alleged error for the determination of this court, by neglecting to state in its brief any proposition or point directed specifically thereto. It will be noted that all the propositions or points stated by appellant in its brief relate to the action of the court with reference to certain instructions and as to the admission of certain evidence. All questions with reference to these matters necessarily arise under the action of the court in overruling the motion for a new trial. Appellant has made each of its propositions or points sufficiently definite by referring

to each particular instruction by number, which it is claimed was erroneously given or refused, and by stating the name of the witness and character of the evidence alleged to have been improperly admitted or rejected. In view of these facts appellee's contention is not well taken. *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 116 N. E. 9; *Gwinn* v. *Hobbs* (1917), *post* 439, 118 N. E. 155.

Appellant contends that the court erred in giving instructions Nos. 2, 3, 5, 6, 7, 8, 10, 13, 14, 15, and 16.

Instruction No. 2 states that suretyship was in issue, but was not a disputed fact. Appellant insists that the giving of this instruction was error, as there are no sureties on official bonds. It cites §9117 Burns 1914, §5534 R. S. 1881, in support of this proposition. This section provides that the sureties in any official bond shall, as between such sureties and the state, be deemed and taken to be principals. In this case the real party in interest is the relatrix, Maria Fenstermacher, the state being but a nominal party. *State, ex rel.* v. *Stevens* (1917), 63 Ind. App. 561, 114 N. E. 873. The section of the statute cited, therefore, has no application here. Appellant also asserts that there is no evidence of suretyship, and hence it was error to instruct on such fact. In making this contention appellant has evidently overlooked the bond in suit, which the record shows was introduced in evidence, as it affords evidence on that subject. The court did not err in giving said instruction.

Appellant objects to instruction No. 3 because it states in substance that the defendant company was defending this action as surety on the official bond of its codefendant as justice of the peace; that, if liable at all, it was only liable as surety

and only in the event a verdict is returned against its codefendant; that in such event its obligation is to pay only after the property of its codefendant subject to execution has been exhausted and only to the extent its principal is unable to pay. Section 1269 Burns 1914, §1212 R. S. 1881, provides that in actions on contract against two or more defendants, a surety, upon a written complaint, may have the question of suretyship tried and determined, etc. This, being a suit on an official bond, is an action on contract. *State, ex rel.* v. *Dixon* (1881), 80 Ind. 150; *Moore* v. *State, ex rel.* (1888), 114 Ind. 414, 16 N. E. 836; *Hawkins* v. *Thomas* (1891), 3 Ind. App. 399, 29 N. E. 157. Section 823 Burns 1914, §780 R. S. 1881, provides that if it appear upon the face of an execution, or by the indorsement of the clerk, that of those against whom it is issued any one is surety for another, the property of the principal shall be first sold, unless the surety shall direct otherwise. The law fully justified the instruction.

Instructions Nos. 5, 6, 7, 8, 10 and 13 relate to negligence and contributory negligence. Appellant contends that as this is a suit on an official bond 6. it is an action on contract, and hence it was error to give each of said instructions, as the subject-matter thereof is outside the issues. We note that the complaint, after alleging the existence of a judgment in favor of the relatrix against one Edgar Garringer on the docket of appellee McNelis as justice of the peace, and a request by the relatrix for a certified transcript thereof, alleges in substance that in pursuance of said request he "carelessly and negligently" prepared a document as and for a transcript of said judgment and "carelessly and negli-

gently'' entered therein the name of Edgar Garrigan instead of the name Edgar Garringer as the judgment defendant; that he ''carelessly and negligently'' failed to prepare said transcript as it appeared on his docket, in this, that he neglected to transcribe the name Edgar Garringer as the judgment defendant, and that by reason of his ''negligence'' is contained the name Edgar Garrigan instead; that he ''carelessly and negligently'' certified that said document was a true and complete transcript of said judgment, and delivered the same to relatrix as such; that on account of the said ''negligence'' of said McNelis, the relatrix was damaged in the sum of $200. It thus appears that while the action is on an official bond and therefore is an action on contract, as appellant contends, the breach of the bond alleged which gives rise to the cause of action is based on the negligence of appellee McNelis in the preparation of a transcript of the judgment in question. Instructions Nos. 6 and 7 correctly define negligence and ordinary care. Appellant cannot rightfully complain of the giving of these instructions in view of the fact that it is alleged in the complaint that the acts of the said McNelis on which this action is predicated were each carelessly and negligently done, and that the relatrix sustained damages by reason of his negligence. If it could be said that the want of negligence would not excuse the alleged error in the preparation of the transcript, still the giving of said instruction would not be reversible error, as it was clearly invited by appellant in the issue tendered by her as to the manner in which the transcript was prepared. Elliott, App. Proc. §627; 3 Cyc 243, 244; *Watts* v. *Hermitage Cotton Mills* (1913), 95 S. C. 138, 78 S. E. 798; *San*

*Antonio, etc., R. Co.* v. *Tucker* (1913), (Tex. Civ. App.) 157 S. W. 175; *Kansas City, etc., R. Co.* v. *Cole* (1916), (Tex. Civ. App.) 183 S. W. 137; *Stephens* v. *Brill* (1913), 159 Iowa 620, 140 N. W. 809; *St. Louis, etc., R. Co.* v. *Blaylock* (1915), 117 Ark. 504, 175 S. W. 1170, Ann. Cas. 1917A 563.

Instructions Nos. 5, 8, 10 and 13 each relate, in part at least, to the question of contributory negligence. This was a proper subject for instructions to the jury under the issues. We find the rule in this regard stated as follows:    That public officers should be held to a faithful performance of their official duties and made to answer in damages to all persons who may have been injured through their malfeasance, omission or neglect to which the persons injured have in no respect contributed, cannot be denied.    But it is equally true that if the result complained of would have followed, notwithstanding their misconduct, or if the injured party himself contributed to the result in any degree by his own fault or neglect, they cannot be held responsible.    If the position of  the injured party would have been just the same had not the alleged misconduct occurred, he had no legal ground of complaint; and if his own conduct or the conduct of his attorney contributed to the result, he is *in pari delicto,* and the law leaves him where it finds him.    *Lick* v. *Madden* (1868), 36 Cal. 208, 95 Am. Dec. 175; Mechem, Public Officers §680.    In the instant case the relatrix had a right to demand that appellee McNelis in his official capacity as the justice of the peace furnish her a certified transcript of the judgment in question, upon the payment of the statutory fee therefor, §1726 Burns 1914, §1438 R. S. 1881.    The furnishing of such transcript

was a ministerial duty devolving on such officer, and the principle stated above is pertinent to a determination of his liability on the facts alleged. The surety on his official bond was liable if he failed to discharge such duty, and such failure was the proximate cause of any damage to the relatrix. §1707 Burns 1914, §1421 R. S. 1881. Said instructions properly state the law and were pertinent to the issues and evidence, and hence the court did not err in giving the same.

Appellant also contends that such of said instructions as involve the question of contributory negligence are erroneous, because they do not limit that defense to such acts of negligence as proximately contributed to the injury alleged. A recognized legal authority has said that contributory negligence in its legal significance is such an act or omission on the part of the plaintiff, amounting to an ordinary want of care, as concurring or co-operating with the negligent act of the defendant is the proximate cause or occasion of the injury complained of; that an essential requirement is that the act of the person injured must be a negligent act; that it is not sufficient merely that the act contribute to the injury, as it is the contributory negligence and not the contributory act which defeats the recovery. 29 Cyc 505, 506. In harmony with this definition it has been held that an instruction which contains the statement that contributory negligence is such negligence as helped to produce the injury complained of is not a misstatement of the law. *Baltimore, etc., R. Co.* v. *Young* (1899), 153 Ind. 163, 54 N. E. 791. It has also been stated that the meaning ordinarily understood to be intended by the use of the term "contributory negligence" is that negligence of the plaintiff which con-

tributes as a proximate cause of the accident. *Indiana Stone Co.* v. *Stewart* (1893), 7 Ind. App. 563, 34 N. E. 1019. When the instructions given on the subject of contributory negligence are considered as a whole, they appear to fairly state the law, and hence there was no error in their giving.

Instruction No. 14 relates to the validity of the judgment in question, rendered by appellee McNelis as justice of the peace, in favor of the relatrix and against said Edgar Garringer. In order to determine the questions which appellant has attempted to raise with reference to this instruction, it would be necessary to consider the evidence relating to such subject. Appellant discloses in its brief that the complaint, summons, and return thereon and judgment rendered in said cause were read in evidence on the trial, but such brief does not disclose the contents thereof. It has been frequently held that, where the evidence is not set out in the brief of appellant, it will be presumed that the instructions correctly state the law as pertinent to the evidence. *Goshen Milling Co.* v. *Bailey* (1917), 186 Ind. 377, 114 N. E. 869; *Gary, etc., R. Co.* v. *Hacker* (1915), 58 Ind. App. 618, 108 N. E. 756; *Miller* v. *Berne Hardware Co.* (1917), 64 Ind. App. 473, 116 N. E. 54.; *Wayne, etc. Ins. Co.* v. *Werkman* (1917), 186 Ind. 601, 116 N. E. 420. Such omission might have been cured, had appellees set out in their brief a proper statement of such evidence. *Inland Steel Co.* v. *Harris* (1911), 49 Ind. App. 157, 95 N. E. 271. This, however, was not done, and this court will not search the record in quest of error to reverse a judgment of the lower court. *Baker* v. *Osborne* (1914), 55 Ind. App. 518, 104 N. E. 97; *Chicago, etc., R. Co.* v. *Roth* (1915), 59

Ind. App. 161, 107 N. E. 689, 108 N. E. 971; *Vandalia Coal Co.* v. *Ringo, Admr.* (1916), 63 Ind. App. 323, 114 N. E. 466. For the reasons stated, we are not required to consider said instruction.

Appellant's objection to instruction No. 15 is not well taken. Said instruction relates to appellant's right of recovery in the event the jury found that, before this action was brought, the relatrix did not order execution levied upon the property of Edgar Garringer, or, if she did order such execution, it was with instructions to the constable not to make any demand thereon, or any search for the property of the judgment debtor. It is well settled that where a party has suffered, or is about to suffer, injury from the neglect or default of another, he cannot stand idly by and permit the loss to increase and then hold the wrongdoer liable for the loss he might have prevented, but must use all reasonable diligence to make the damages as light as possible. 13 Cyc 71; *State, ex rel.* v. *Fleming* (1890), 124 Ind. 97, 24 N. E. 664; *Cromer* v. *City of Logansport* (1906), 38 Ind. App. 661, 78 N. E. 1045. Under these authorities it is clear that when the relatrix discovered that the justice of the peace had failed to furnish her a correct transcript of the judgment, it was incumbent upon her to use all proper and reasonable care to protect herself, by using the means the law provided for the collection of her judgment. An application of the principles above stated to the instruction under consideration makes it clear that the court did not err in giving the same.

Instruction No. 16 relates to the amount which appellant would have been entitled to recover in the

event the jury found in her favor. Since the jury found against appellant, any error relating to the measure of damages in the event it found in appellant's favor would be harmless. *Western Brass Mfg. Co.* v. *Haynes Auto. Co.* (1916), 61 Ind. App. 529, 112 N. E. 108.

Appellant also predicates error on the action of the court in refusing to give instructions Nos. 3, 4, 5 and 6 tendered and requested by it. There was no error in the court's refusal to give instruction No. 3, as it is fully covered by instruction No. 10 of those given. *Chicago, etc., R. Co.* v. *Mitchell* (1916), 184 Ind. 383, 110 N. E. 215. It would have been error to give instructions Nos. 4 and 6, as they would have had the effect of informing the jury, if given, that neither the relatrix nor her agent were required to examine the transcript in question to ascertain if it was correct, even if they had knowledge of facts that would have placed an ordinarily prudent person on inquiry with reference to the same. This is clearly not the law when applied to the evidence in this case, and hence the court did not err in refusing to give said instructions. Said instruction No. 5, refused by the court, states that the judgment alleged in the complaint and entered upon the docket of the justice of the peace is valid and binding upon all parties. This court cannot determine that it was error to refuse to give an instruction containing such a statement, when the briefs fail to disclose the contents of such judgment. Under such circumstances the presumption will be in favor of the action of the trial court. *Goshen Milling Co.* v. *Bailey, supra.* The remainder of the instruction is substantially covered by others given. Appellant has failed to show that

the court erred in refusing to give said·instruction.

It appears that on the trial of the ‘cause the court permitted witness Mary Carlton, over the objection of appellant, to state the condition of the health of appellee McNelis on the day before the trial. The answer disclosed that he was in a critical condition. Appellant contends that this evidence would tend to arouse the sympathy of the jury to its prejudice. Appellee McNelis was a party to the suit. and evidently did not appear to testify at the trial. The evidence indicated was proper to explain his absence and the court did not err in admitting it.

On the trial appellant asked witness Philip Marer, the deputy constable who made the return "no property found" on the execution issued on the judgment in question, how long he had been a constable, and he answered thirty-four or thirty-five years. The answer was stricken out on motion of appellees. Appellant insists that this was error. It is unnecessary to discuss the merits of this contention, as it is evident that in any event the court did not commit reversible error in striking out said answer.

The following question was asked by appellees of witness Edgar Garringer, "What is the number of that house·on Roach street where you lived at that time?" Appellant's objection to this question was overruled, and the witness answered in substance that he did not know what it was, but at the present time it is 1244. The record disclosed that the summons in the action in question before appellee McNelis, as justice of the peace, was served on March 26, 1912, and the judgment thereon was rendered on

April 1, 1912. The trial, in which the judgment in this case was rendered, was held in November, 1915. It thus appears that the number of the house in question, at the time of the trial of the instant case, was wholly immaterial. It is well settled that as a general rule the erroneous admission of immaterial evidence is not reversible error. *Indiana Union Traction Co.* v. *Hiatt, Admr.* (1917), 65 Ind. App. 233, 114 N. E. 478, 115 N. E. 101. It does not appear that the evidence in this case comes within any exception to the general rule. Its admission therefore was not reversible error.

The motion for a new trial contains other reasons therefor, but appellant has waived the same by failing to make any specific reference thereto in its propositions or points, as required by the rules governing the preparation of briefs. *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362; *Merchants Nat. Bank* v. *Nees* (1915), 62 Ind. App. 290, 110 N. E. 73, 112 N. E. 904.

We find no reversible error in the record. Judgment affirmed.